Dwight DAVIS, Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–523/528.

Court of Appeals of Alaska.

Oct. 11, 1985.

Mary E. Greene, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Following a jury trial, Dwight Davis was convicted of two counts of robbery in the first degree. AS 11.41.500(a)(1). Davis was sentenced to consecutive twenty-year terms. He appeals his conviction and sentence.

Davis first argues that the trial court erred in refusing to suppress identification evidence. Two witnesses identified Davis on the basis of three photo lineups. Davis claims that the identifications of his photograph were improperly suggestive because he was the only person to appear in each of the three arrays. Judge Jay Hodges denied Davis' pretrial motion to prohibit the state from using the identification evidence, finding that "even though Mr. Davis' photograph is the only one that is in fact common to all three photographs [line-

ups], [it is not] so suggestive as to taint the identification."

Having reviewed the record, including the photographic arrays upon which the identifications were based, we conclude that Judge Hodges did not err in finding that the identifications were not so unnecessarily suggestive and conducive to irreparable mistaken identification that Davis was denied due process of law. *See Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199, 1206 (1967). Given the fact that a different photograph of Davis was used in each array and that the quality of all three photographs of Davis was extremely poor, Judge Hodges had a substantial basis to conclude that the three arrays were not unduly suggestive.

Davis also argues that the trial court erred in precluding him from impeaching the testimony of a crucial prosecution witness with her 1980 conviction for receiving and concealing stolen property. The conviction had been set aside under AS 12.55.085(e). Judge Hodges ruled that the certificate of discharge and order setting aside the conviction were "sufficiently close" to a "certificate of rehabilitation" to render the conviction inadmissible under Alaska Rule of Evidence 609(d).

The state agrees that the trial court's ruling was in error and that the discharged conviction was admissible absent a showing that the certificate of rehabilitation was issued under a procedure which "required a substantial showing of rehabilitation." Evidence Rule 609(d)(2). The state maintains, however, that such error was harmless beyond a reasonable doubt. We agree. The conviction was relevant only to the collateral question of the witness' general credibility. *See Jackson v. State,* 695 P.2d 227, 230–31 (Alaska App.1985); *Evans v. State,* 550 P.2d 830, 837 (Alaska 1976) (distinguishing greater latitude given cross-examination to show bias). Given the record at trial, we hold that Judge Hodges' error in precluding impeachment with the discharged 1980 conviction was harmless beyond a reasonable doubt.

Davis' third contention of error is that he was entitled to pre-trial disclosure of the identity of a person suspected by the police of committing a robbery similar to the two robberies for which Davis was ultimately convicted. After a hearing on Davis' motion to compel discovery of any information relating to robberies "at or near Fairbanks, Alaska after August 1, 1983 in which the person perpetrating the robbery was a black male adult." Judge Hodges ordered the prosecution to provide the defense with a list of all such crimes and to make available statements of victims and witnesses. At the later omnibus hearing, Judge Hodges ordered the state to instruct the police officer who had interviewed the then missing victim of a robbery similar to the robberies charged to Davis to talk to the defense counsel about what the victim had told him. Davis was also permitted to see the officer's notes. Davis was to be informed of the victim's whereabouts if the state located her. Because the investigation in that case was not yet complete, the court did not require the state to divulge the name of the suspect.

Presumably Davis was able to get a description of the suspect in the other robbery from the investigating officer, his report, or from the victim herself if she was ever located. Davis made no further representations to the trial court that the scope of discovery was inadequate. Under the circumstances of this case, we find that Judge Hodges did not abuse his discretion in failing to require the state to reveal the name of the suspect in the separate robbery.

Finally, Davis appeals his sentence as excessive. Judge Hodges found four aggravating factors and concluded that Davis was a worst offender. He sentenced Davis to two consecutive twenty-year terms. On revocation of probation for a 1979 felony conviction, the court simultaneously sentenced Davis to serve the suspended portion of his 1979 sentence consecutively to the sentences for the current convictions.

Davis argues that his aggregate sentence—approximately fifty years—is clear-

ly mistaken. Both the oral pronouncement of sentence and the written judgment reflect a mistaken belief on the part of the sentencing court that Davis was subject to a ten-year presumptive term on each robbery conviction. As a third felony offender, Davis was actually subject to presumptive sentences of fifteen years. AS 12.55.-125(c)(4). Since the length of Davis' presumptive sentences affects his parole eligibility, we agree with the state that this case should be remanded for resentencing.

Even though resentencing will be necessary in order to allow application of the correct presumptive terms, we believe it desirable to resolve the remaining sentencing issues raised by Davis, because they will almost certainly recur on remand.

■ Davis argues, initially, that Judge Hodges erred in rejecting his proposed mitigating factor: that his conduct was among the least serious within the definition of the offense. AS 12.55.155(d)(9). We find no merit to this argument. The two robberies for which Davis was convicted were similar in nature. In each case, Davis, under the guise of having drugs to sell in his apartment, lured a prospective purchaser into the elevator/stairwell of a multi-unit apartment building in Fairbanks. Once in the elevator/stairwell, Davis placed his hand in his coat pocket, as if he had a gun, and demanded money from his victim. When the victim of the second robbery did not respond immediately to the demand for money, Davis hit him in the face, inflicting a cut lip.

Both of these robberies appear to have been well planned. They were executed in a manner calculated to render the victims relatively helpless and under circumstances that tended to minimize the possibility of a report by the victims to the police. Although Davis did not actually display a firearm, he clearly created the impression that he had one and was prepared to use it. In one of the two cases, Davis resorted to actual violence and inflicted physical injury upon his victim. In both cases, a substantial amount of cash was taken. Considering the totality of these circumstances, we hold that the superior court's rejection of Davis' proposed mitigating factor was not clearly erroneous.

■ Davis next argues that the sentencing court erred in adjusting the applicable presumptive terms to twenty years—the maximum for each case—and in imposing those terms consecutively. Prior to imposing the twenty-year terms, Judge Hodges found four aggravating factors.[1] Davis does not dispute the applicability of these aggravating factors but contends that they do not warrant imposition of consecutive maximum sentences.

We disagree. Davis was convicted of aggravated robbery in Texas in 1974 and was sentenced to serve ten years in prison for that offense. In 1979, approximately one year after release on parole in Texas, Davis became involved in a robbery in Alaska. This incident led to Davis' conviction of three counts of first-degree robbery and one count of assault with intent to commit robbery.

A portion of Davis' sentence for the 1979 offenses was suspended, and he was released on probation. In 1982, however, he violated the conditions of his probation by consuming controlled substances. This violation resulted in partial revocation of Davis' probation and in the modification of his sentence to require him to serve two years of previously suspended jail time.

After serving the additional time, Davis was again released on probation in May of 1983. He committed his current robberies less than five months after being reinstated to probation.

Based on Davis' prior criminal record, the similarity of his prior offenses, and the fact that he was on probation when the current robberies were committed, Judge

---

1. The aggravating factors are as follows: (1) physical injury to a victim (AS 12.55.155(c)(1)); (2) a prior history of assaultive behavior (AS 12.55.155(c)(8)); (3) three or more prior felony convictions (AS 12.55.155(c)(15)); and (4) the defendant was on probation for another felony when he committed the current offenses (AS 12.55.155(c)(20)).

Hodges expressly found that Davis was a worst offender. In reaching the decision to impose consecutive maximum terms, Judge Hodges further found that Davis' prospects for rehabilitation are remote and that Davis poses a serious danger to society. Davis has now been convicted of a total of seven felonies. The convictions stem from four separate incidents less than ten years apart. All of the convictions involve crimes of violence: robbery or assault with intent to commit robbery. Despite periods of formal probation, participation in drug rehabilitation programs, and lengthy periods of incarceration, Davis has shown no inclination to conform his conduct to the requirements of the law. Given Davis' background and the nature and seriousness of his current cases, we find, after considering the totality of the sentencing record, that Judge Hodges was not clearly mistaken in imposing consecutive twenty-year terms for the two robberies.

■ We must separately consider the appropriateness of the totality of Davis' sentence, including the additional ten-year term he received when his probation on the 1979 robbery convictions was revoked in light of the current offenses. The cumulative sentence of forty years that Davis received for the current offenses was made consecutive to the ten-year sentence imposed upon revocation of his probation. His total term, including the probation revocation sentence, is thus fifty years.

In at least two prior instances involving multiple crimes of violence committed by offenders with prior felony convictions, we have approved consecutive sentences totaling forty years of imprisonment, while holding that imposition of additional, consecutive terms for probation violations was not warranted. *See Nix v. State*, 653 P.2d 1093 (Alaska App.1982); *Larson v. State*, 688 P.2d 592 (Alaska App.1984). Our decisions in *Nix* and *Larson* indicate that, for offenders convicted of multiple class A felonies, an unsuspended sentence of forty years' imprisonment should serve as an appropriate upper limit in all but the rarest and most aggravated situations. *See, e.g.,*

*Wortham v. State*, 689 P.2d 1133 (Alaska App.1984).

In our view, Davis' case is not significantly different from the cases of Nix and Larson. Particularly because the probation for Davis' prior robbery convictions was revoked in light of his current offenses and because Judge Hodges considered Davis' probationary status as an aggravating factor in the current case, we think our holdings in *Nix* and *Larson* should be controlling here. Accordingly, we hold that, on remand, the sentences for Davis' current offenses may be consecutive to each other but should be concurrent with the term Davis received upon revocation of his probation for the 1979 robbery.

This case is REMANDED for resentencing in accordance with AS 12.55.125(c)(4) and in conformity with the views expressed in this decision.