Mark C. DEGLER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1139.

Court of Appeals of Alaska.

Aug. 21, 1987.

Rehearing Denied Sept. 10, 1987.

R. Scott Taylor, Asst. Public Defender, Kotzebue, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

A jury convicted Mark C. Degler of first-degree robbery. AS 11.41.500(a)(1). Superior Court Judge James A. Hanson sentenced Degler to a seven-year presumptive term. AS 12.55.125(c)(2). Degler appeals, contending that Judge Hanson erred in rejecting Degler's proposed mitigating factors, and in refusing to send Degler's case to the three-judge panel. Degler also appeals Judge Hanson's refusal to instruct the jury on the defenses of necessity and duress.

Degler's conviction arose from his robbery of an Anchorage restaurant. Degler had entered the restaurant, pointed a gun at the cashier, and demanded that she put all the money in a bag. Prior to handing over any money, the telephone behind the cashier's counter rang. The cashier instinctively turned to answer it. When she turned back, Degler was walking out of the restaurant. The police were called, and Degler was apprehended a short time later.

At trial, Degler sought a preliminary ruling from the court on whether he would be allowed to present a necessity defense and whether the jury would be instructed on that defense. Degler made an offer of proof, proposing to call a series of witnesses. Degler's witnesses, including himself, would testify that he desperately needed money in order to fly to Idaho to attend a custody hearing. Degler had legal custody of his daughter. Degler's sister was raising the child in Idaho until Degler was financially settled in Alaska. Degler's ex-wife was attempting to gain custody of their child by instituting the Idaho proceedings. Degler feared that his wife might try to kidnap the child. He believed that his ex-wife could not provide a safe home and that she was having drug and alcohol problems.

Degler offered to show that he was desperate for money because his employer had gone bankrupt. Degler continued to work for the employer based on a promise that the employer would provide a free flight to Idaho. The flight fell through. Degler then went to work for another company, whose financial problems prevented it from paying him. Degler sold his possessions. However, he did not ask his family for money. Feeling desperate, Degler attempted to obtain money through robbery.

After the offer of proof, Judge Hanson ruled that the defenses of necessity and duress were not available to Degler. Therefore, he also ruled that the evidence offered would not be allowed. The jury ultimately found Degler guilty of first-degree robbery.

■ The defense of duress requires a showing that "the defendant was coerced to [commit the offense] by the use of unlawful force upon the defendant or a third person...." AS 11.81.440; *Cleveland v. Anchorage*, 631 P.2d 1073, 1078–79 (Alaska 1981). Degler has failed to produce any evidence which supports a finding that the robbery was compelled by the use of unlawful force.

■ Necessity is an affirmative defense, which the defendant must prove by a preponderance of the evidence. AS 11.81.320; AS 11.81.900(b)(1)(B). To justify an instruction on necessity, a defendant must present "some evidence" which places the defense in issue. AS 11.81.900(b)(1)(A); *Schnabel v. State*, 663 P.2d 960, 966 (Alaska App.1983).

The earliest Alaska case on necessity is *Nelson v. State*, 597 P.2d 977 (Alaska 1979). Nelson "borrowed" a dump truck and a front-end loader from a highway department yard to get his truck out of a ditch. The court found against Nelson on the necessity issue, but said:

> The defense of necessity may be raised if the defendant's actions, although violative of the law, were necessary to prevent an even greater harm from occurring.
>
> ....
>
> Commentators generally agree that there are three essential elements to the defense: 1) *the act charged must have been done to prevent a significant evil;* 2) *there must have been no adequate alternative;* 3) *the harm caused must not have been disportionate to the harm avoided.*

597 P.2d at 979 (emphasis added).

In *Gerlach v. State*, 699 P.2d 358 (Alaska App.1985), this court addressed the question of whether the pressures which child custody disputes induce can justify a necessity defense instruction. In that case, a mother took her child, over whom she did not have legal custody, and hid the child from its father for more than a year. 699 P.2d at 359. We held that the mother's fears that the child was being physically abused and neglected did not warrant a necessity defense instruction at the mother's trial on custodial interference charges. We reached this conclusion because the defendant had several alternative legal courses of action available which she failed to exhaust before resorting to unlawful self-help. 699 P.2d at 361–63.

It is uncontested that Degler did not ask his family for money. Also, there is no evidence that he asked any friends for assistance. Degler, therefore, did not exhaust all his lawful alternatives. Degler has also failed to show what "significant evil" he hoped to prevent. He has not contended that the proceedings in Idaho were unlawful, or that their outcome would necessarily be harmful. On this record, Degler has failed to produce "some evidence" of a necessity defense. We find, therefore, that Judge Hanson did not err in ruling that Degler could not introduce the offered evidence, and that the jury would not be instructed on the affirmative defenses.

■ Degler next contends that Judge Hanson erred in rejecting three of his proposed mitigating factors. Mitigating factors must be established by clear and convincing evidence. AS 12.55.155(f). The trial court's rejection of a mitigating factor will be affirmed unless clearly erroneous. *Davis v. State*, 706 P.2d 1198, 1201 (Alaska App.1985).

■ The first factor proposed was that the offense was committed "under some degree of duress, coercion, threat, or compulsion insufficient to constitute a complete defense, but which significantly affected the defendant's conduct." AS 12.55.155(d)(3). At sentencing, in support of this mitigator, Degler relied on the evidence which he had offered previously on his affirmative defenses. Judge Hanson stated that any child custody matter involves a certain amount of duress and compulsion. However, he essentially found that pointing guns at people to get money was a disproportionate reaction and atypical. We find that Judge Hanson was not clearly erroneous in rejecting this mitigator.

Degler also argued that "the conduct constituting the offense was among the least serious conduct included in the definition of the offense." AS 12.55.155(d)(9).

Under former AS 11.15.240, Degler's conduct would have constituted an attempted robbery. The current robbery statutes define the conduct of "taking *or attempting* to take property from the immediate presence and control of another" as robbery. AS 11.41.510 (emphasis added). Degler contends that an attempt has historically been considered less serious than a completed act of robbery. Therefore, he argues, the mitigator of "least serious conduct" should apply.

It can be argued that the reason attempted robbery was formerly a separate and less serious crime is because the conduct is inherently less harmful. However, robbery is essentially a crime against the person; it is not a property offense. *Nell v. State*, 642 P.2d 1361, 1365–66 and n. 6 (Alaska App.1982). In the instant case, Degler pointed a loaded gun at the victim. The potential harm created by Degler's conduct was not lessened because he received no property. Therefore, Judge Hanson was not clearly erroneous in rejecting this mitigator.

Degler also argued that he was "motivated to commit the offense solely by an overwhelming compulsion to provide for emergency necessities for [his] immediate family." AS 12.55.155(d)(11). Degler cites no authority to support this mitigator. He simply argues that "[n]o motive for the crime was even suggested, other that [sic] Mr. Degler's desperate desire to provide a decent home for his daughter...."

Judge Hanson rejected this mitigator, stating that AS 12.55.155(d)(11) contemplated necessities such as food or water; it did not include the desire to attend a future court proceeding. We find that Judge Hanson properly rejected this mitigator.

Finally, relying on *Dancer v. State*, 715 P.2d 1174 (Alaska App.1986), Degler argues that Judge Hanson erred in refusing to refer his case to the three-judge panel. In *Dancer*, the sentencing judge indicated that he believed that the presumptive sentence which applied to Dancer was unjust, yet refused to send the case to the panel because he had "concluded that referral would be futile." This court held that the trial court's refusal to refer Dancer's case to the three-judge panel was plain error. 715 P.2d at 1183.

In Degler's case, Judge Hanson apparently found that the presumptive sentence was manifestly unjust. Judge Hanson remarked, "I find that ... being required in this case to give Mr. Degler, as I've come to know him, 7 years simply makes no sense to me." Given these remarks, we conclude that this case is controlled by *Dancer*. We therefore find that Judge Hanson was required to send Degler's case to the three-judge panel along with his recommendations and findings. AS 12.55.-165–.175; *Lloyd v. State*, 672 P.2d 152, 154–55 (Alaska App.1983).

The conviction is AFFIRMED; the sentence is VACATED, and this case is REMANDED to the superior court with directions to enter an order referring the matter to the three-judge panel.