Tammy REEVE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2425.

Court of Appeals of Alaska.

Nov. 25, 1988.

Carol A. Brenckle, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Nathan A. Callahan, Asst. Dist. Atty., James L. Hanley, Dist. Atty., Kenai, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Tammy Reeve was convicted by a jury of driving while intoxicated in violation of AS 28.35.030, and driving without a valid license in violation of AS 28.15.011(b). She appeals, contending that the trial court erred in failing to instruct the jury on the defense of necessity. We affirm.

The trial court considered Reeve's necessity defense as an offer of proof pursuant to Alaska Evidence Rule 103(a)(2) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and.... [i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.")

Reeve's offer of proof conceded that she was intoxicated at the time she was stopped. It indicated that she spent the evening of October 30, 1987, with her father at bars in Kenai where Reeve and her father both drank heavily. Later the following morning, they returned to her father's home where he became extremely abusive, grabbed her by the throat, and left marks on her neck. Reeve was prepared to testify that her father's actions, coupled with the fact that he was despondent over a discovery that he had a serious illness, caused her to fear for her life. She initially telephoned her roommate to obtain a ride back to her home in Soldotna, but her roommate was unable to assist her. Reeve would also testify that she could not afford a taxi.

At approximately 9:00 a.m. on October 31, 1987, Reeve took her father's car and proceeded toward her home in Soldotna, a route which took her through the middle of Kenai. Officer Watson of the Kenai Police Department stopped Reeve outside of Kenai, approximately eight miles from her father's home. There was evidence that at the time of the stop, she was traveling approximately 70 m.p.h. and that she initially failed to heed the officer's warnings to stop. An Intoximeter 3000 breath test

indicated a .216 breath alcohol content. It was agreed that Reeve did not have a valid operator's license. The trial court considered Reeve's offer of proof and concluded that while Reeve was legitimately in fear of her father's violence, justifying her attempts to leave, there were adequate alternatives available to her, such as calling 911 for police assistance. Additionally, the court found that even if the immediate flight in the vehicle was justified to avoid the threat of physical harm, Reeve could have found sanctuary in Kenai either at the police station, at a shopping mall, or at one of the open business establishments that she passed, rather than driving eight miles on the highway toward her home in Soldotna. The court noted that Reeve was stopped at approximately 9:00 a.m., when many businesses were open. In the court's view, Reeve's driving while intoxicated, at least from the time she had escaped her father, was disproportionate to any foreseeable harm she avoided by attempting to drive to her home in Soldotna.

## DISCUSSION

Alaska Statute 11.81.320 provides in relevant part:

Justification: Necessity.

(a) Conduct which would otherwise be an offense is justified by reason of necessity to the extent permitted by common law when

(1) neither this title nor any other statute defining the offense provides exemptions or defenses dealing with the justification of necessity in the specific situation involved; and

(2) a legislative intent to exclude the justification of necessity does not otherwise plainly appear.

(b) The justification specified in (a) of this section is an affirmative defense.

The appellate courts of the state of Alaska have considered the defense of necessity under the common law and under AS 11.81.320 on a number of occasions. *See, e.g., Cleveland v. Anchorage,* 631 P.2d 1073 (Alaska 1981); *Nelson v. State,* 597 P.2d 977 (Alaska 1979); *Degler v. State,* 741 P.2d 659 (Alaska App.1987); *Gerlach v.*

*State,* 699 P.2d 358 (Alaska App.1985); *Nelson v. State,* 691 P.2d 1056 (Alaska App.1984); *Wells v. State,* 687 P.2d 346 (Alaska App.1984); *Jordan v. State,* 681 P.2d 346 (Alaska App.1984); *Schnabel v. State,* 663 P.2d 960 (Alaska App.1983). Reeve argues that the trial court usurped the jury's function by essentially finding the facts against her. She notes that the necessity defense under Alaska law has three elements: (1) that the act charged must have been done to prevent a significant evil; (2) that there must have been no adequate alternative to violating the law; and (3) that the harm caused must not have been disproportionate to the harm avoided. *Cleveland,* 631 P.2d at 1078. She notes that the first two elements, the significance of the evil to be avoided and the adequacy of available alternatives to avoid the evil, are judged by a subjective test: if the defendant reasonably believed those elements to be present, then the defendant has satisfied the test even if the belief is mistaken. In Reeve's opinion, her proposed testimony would be sufficient to take these issues to the jury.

However, Reeve concedes that her subjective belief would not suffice for the third element. An objective determination must be made as to whether her value judgment was correct given the facts as she reasonably perceived them. *Id.* Reeve notes that the trial court found that her father's violence established a significant evil, initially justifying her conduct. She further notes that the trial court also found that Reeve believed she had no reasonable alternatives to driving her father's car despite her intoxication because Reeve's roommate would not come to Kenai to give her a ride home and Reeve could not afford a taxi. Reeve argues that the reasonableness of her beliefs has to be determined in light of her condition at the time. She was in a panic having being assaulted by her father and she was severely intoxicated. Her judgment was therefore not at its best.

Reeve stresses that the issue before the court is not whether she should have prevailed on her defense, but whether she should have had an opportunity to have a

jury consider the defense. In her view, so long as she presented "some evidence" in support of each of the three elements of the test, she was entitled to have a jury determine the defense under an appropriate instruction. She stresses that the trial court should err on the side of giving instructions on defenses of justification in order to avoid needless appellate issues in cases where a weak justification case exists. *David v. State,* 698 P.2d 1233, 1236 n. 2 (Alaska App.1985) (quoting *Folger v. State,* 648 P.2d 111, 114 n. 3 (Alaska App. 1982)).

In *David,* we held that the question of whether the defendant produced "some evidence," placing a defense at issue, was equivalent to the question: "Could the evidence presented at trial, viewed in the light most favorable to the defendant, arguably lead a juror to entertain, on the theory set forth in the proposed instruction, a reasonable doubt as to the defendant's guilt?" *Id.* at 1235. In *David,* we were considering a "defense," which, if supported by evidence, casts upon the state the burden of disproving the defense beyond a reasonable doubt. *See, e.g.,* AS 11.81.900(b)(15) (" 'defense', other than an affirmative defense, means that (A) some evidence must be admitted which places in issue the defense, and (B) the state then has the burden of disproving the existence of the defense beyond a reasonable doubt"). In contrast, necessity is an "affirmative defense." *See, e.g.,* AS 11.81.900(b)(1) (" 'affirmative defense' means that (A) some evidence must be admitted which places in issue the defense; and (B) the defendant has the burden of establishing the defense by a preponderance of the evidence"). We have never decided whether a defendant relying on an "affirmative defense" has an equal or greater burden than a defendant relying on a "defense" when attempting to create a jury issue. *See Jordan,* 681 P.2d at 349 (discussing the necessity defense). This question masks an even more difficult issue which has not been briefed by the parties: What is the proper division of responsibility between the court and the jury in evaluating a necessity defense? *See,*

*e.g., Nelson,* 597 P.2d at 980 n. 6 (suggesting that the determination of whether the reasonably foreseeable harm resulting from the violation would be less than the harm resulting from compliance with the law is a question to be determined, at least initially, by the court) (quoting Tiffany and Anderson, *Legislating the Necessity Defense in Criminal Law,* 52 Den.L.J. 839, 871–72 (1975)).

■ However, it is not necessary for us to decide this issue because we believe that Reeve's case is governed by *Gerlach* and *Wells.* In those cases, we concluded that in order to satisfy the "some evidence" test, a person claiming necessity in justification of a "continuing offense" must offer some evidence that the continued violation of the law—as well as the initial violation—was justified. *Wells,* 687 P.2d at 350–51 (escape); *Gerlach,* 699 P.2d at 362 (parental kidnapping). It seems clear that the legislature considers driving while intoxicated a continuing offense, *i.e.,* a defendant can only be prosecuted once for a continuous period of drunk driving. Under these circumstances, we interpret the trial court's holding to be that Reeve failed to produce "some evidence" that she brought her conduct into compliance with the law as soon as the necessity ended—when she escaped from her father's residence. It does not appear that there was any evidence that he pursued her after she left. Under these circumstances, the trial court could decline to instruct on the necessity defense. Such a decision did not deny Reeve a jury trial and did not amount to a directed verdict on an element of the offense or an element of the defense which is properly a jury decision. *Jordan,* 681 P.2d at 349–50.

The judgment of the district court is AFFIRMED.