IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1997 SESSION

FILED

May 21, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9606-CR-00249 |
| Appellee, | ) | |
| | ) | WILSON COUNTY |
| VS. | ) | |
| | ) | Hon. J.O. Bond, Judge |
| PENELOPE R. KARNES, | ) | |
| | ) | (Vehicular Assault - Sentencing) |
| Appellant. | ) | |

FOR THE APPELLANT:

COMER L. DONNELL
District Public Defender

KAREN G. CHAFFIN
Assistant Public Defender
213 North Cumberland Street
P.O. Box 888
Lebanon, TN 37087

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

M. ALLISON THOMPSON
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

TOM P. THOMPSON, JR.
District Attorney General

DOUG HALL
Assistant District Attorney General
111 Cherry Street
Lebanon, TN 37087

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

## OPINION

The appellant, Penelope R. Karnes, appeals the sentences imposed by the Criminal Court of Wilson County following her guilty plea to two (2) counts of vehicular assault. The trial court ordered her to serve four (4) years on each count in the Tennessee Department of Correction to be served consecutively. On appeal, Karnes claims that the trial court erred by: (1) imposing excessive sentences; (2) denying probation; and (3) ordering that the sentences be served consecutively. We affirm the judgment of the trial court.

## FACTS

In March 1994, Karnes was driving her vehicle in the wrong lane on Highway 109 in Wilson County, Tennessee. Her car collided with a car driven by James McDermott, causing serious injuries to McDermott and his passenger, Bruce Silverman. Karnes admitted to the officer responding to the accident that she had been drinking. Subsequent blood tests revealed that Karnes' blood alcohol level was .26.

Karnes was indicted on two (2) counts of aggravated assault, third offense driving under the influence of an intoxicant, driving on a revoked license, violation of registration law, and driving on the wrong side of a roadway. She pled guilty to two (2) counts of the amended charge of vehicular assault, and the state entered *nolle prosequi* orders on the remaining counts of the indictment.

After a sentencing hearing, Karnes was sentenced as a Range I, Standard Offender to four (4) years on each count of vehicular assault. The trial court ordered that the sentences were to be served consecutively. Furthermore, the trial court denied any form of sentencing alternative.

## REVIEW OF SENTENCING

2

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in [her] own behalf about sentencing.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

## EXCESSIVE SENTENCES

Karnes contends that the trial court erred in imposing the maximum sentence of four (4) years for each count of vehicular assault, a Class D felony. She claims that the trial court was not justified in relying upon her past criminal convictions because those convictions were merely for misdemeanor driving offenses. Therefore, she argues that the sentence imposed was not the "least severe measure necessary to achieve the purposes for which the sentence is imposed." *See* Tenn. Code Ann. § 40-35-103(4).

3

If no mitigating or enhancing factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Fletcher, 805 S.W.2d at 788. However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for aggravating factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); *see* Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

After the sentencing hearing, the trial court found that five enhancement factors applied in this case: (1) Karnes had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (2) the offense involved more than one victim; (3) the personal injuries inflicted upon the victims were particularly great; (4) Karnes had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and (5) she had no hesitation about committing a crime when the risk to human life was high. *See* Tenn. Code Ann. § 40-35-114(1), (3), (6), (8) and (10). The trial court found that no mitigating factors applied.

The trial court properly applied enhancement factor (1) in this case. Karnes has two prior DUI convictions plus a prior conviction for driving on a revoked license. Although these are misdemeanor convictions, the statute does not require the prior convictions to be felonies. Tenn. Code Ann. § 40-35-114(1). Furthermore, Karnes testified that she had continued to drive since 1990 even though she did not have a license, evidencing previous criminal behavior.

The trial court found that Karnes had no hesitation about committing a crime

when the risk to human life was high.  Tenn. Code Ann. § 40-35-114(10). Enhancement factor (10) may be applied in instances where individuals other than the victim are in the area of the defendant's criminal conduct and are subject to injury. State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995); *see also* State v. Bingham, 910 S.W.2d 448, 453 (Tenn. Crim. App. 1995). However, this factor is inapplicable where the only risk to human life is the risk to the victim. *See* State v. Hicks, 868 S.W.2d 729, 732 (Tenn. Crim. App. 1993).

The testimony at the sentencing hearing and the pre-sentence report showed that Karnes was driving in the wrong lane on a highway in Wilson County with a blood alcohol content of .26.  There is no direct evidence in the record that she endangered the lives of others aside from the victims.  The trial court erroneously applied this enhancement factor.

The trial court misapplied the enhancement factor that the offense involved more than one victim.  Tenn. Code Ann. § 40-35-114(3).  This enhancement factor may not be applied when the appellant is separately convicted of the offense committed against each victim. State v. Williamson, 919 S.W.2d 69, 82 (Tenn. Crim. App. 1995); State v. Clabo, 905 S.W.2d 197, 206 (Tenn. Crim. App. 1995); State v. McKnight, 900 S.W.2d 36, 54 (Tenn. Crim. App. 1994).

The trial court found that Tenn. Code Ann. § 40-35-114(6) was an appropriate enhancement factor.  However, in State v. Jones, 883 S.W.2d 597, 602 (Tenn. 1994), the Tennessee Supreme Court held that "proof of serious bodily injury will always constitute proof of particularly great injury."  Therefore, because serious bodily injury is an element of vehicular assault, particularly great injuries to the victims is not an appropriate enhancement factor. State v. Rhodes, 917 S.W.2d 708, 714 (Tenn. Crim. App. 1995); *see also* State v. Williamson, 919 S.W.2d at 82-83; State v. Crowe, 914 S.W.2d 933, 940 (Tenn. Crim. App. 1995).

The trial court further found that Karnes has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community.  Tenn. Code Ann. § 40-35-114(8). Although Karnes admitted to driving after her license was revoked, it is unclear whether she drove on a revoked license

5

while on probation. This enhancement factor was erroneously applied.

Although the trial court erroneously applied some enhancement factors, Karnes is not automatically entitled to a reduction in her sentences. State v. Keel, 882 S.W.2d 410, 423 (Tenn. Crim. App. 1994). It is evident from the record that the trial court placed great weight on Karnes' prior convictions and prior criminal behavior. Indeed, her prior convictions resulted from the same criminal conduct that caused her to commit the present offenses; namely, driving under the influence of an intoxicant. Therefore, we find that the four-year sentences imposed are not excessive.

## DENIAL OF PROBATION

Karnes contends that the trial judge abused his discretion in denying probation. She argues that she is presumably entitled to probation and the state did not attempt to overcome the statutory presumption. As a result, she claims that the trial court committed reversible error.

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a).

A trial court must presume that a defendant sentenced to eight years or less and who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim.

6

App. 1996); *see* Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d at 477. Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d at 235.

At the sentencing hearing, the trial court focused on Karnes' past criminal behavior. The trial judge noted that Karnes had been convicted of DUI on two previous occasions, and she continued to drink and drive. Karnes conceded that she had been admitted to a thirty day treatment facility for her alcoholism, but that she "would slip back." Even though she has been diagnosed as a chronic alcoholic,

7

she testified that she is still drinking.

For her previous DUI convictions, Karnes received minimal time in jail, with the balance of her sentences to be served on probation. Apparently, these measures were unsuccessful. Furthermore, she has shown a lack of potential for rehabilitation in light of the fact that she is still drinking. No doubt her destructive behavior would have continued had it not culminated in this accident which seriously injured two people. Accordingly, we find that the trial court was within its discretion in denying probation.

## CONSECUTIVE SENTENCING

Finally, Karnes insists that the trial court was in error in imposing consecutive sentences. She argues that the trial court could not have found by a preponderance of the evidence that the consecutive sentencing criteria have been met. *See* Tenn. Code Ann. § 40-35-115(b). She also suggests that the trial court erred in considering the same factors to enhance her sentence as well as to support consecutive sentencing. Therefore, she maintains that her sentences should run concurrently.

Initially, we must note that this Court has previously held that there is nothing in the 1989 Sentencing Act which would prohibit consideration of the same facts and circumstances both to enhance sentences and to require those sentences to be served consecutively. State v. Melvin, 913 S.W.2d 195, 205 (Tenn. Crim. App. 1995); State v. Meeks, 867 S.W.2d 361, 377 (Tenn. Crim. App. 1993).

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4). The trial court specifically found that Karnes was a dangerous offender whose behavior indicates little or no regard for human life. The record supports that finding, especially considering her history of driving while under the

8

influence of an intoxicant.

Furthermore, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

In this case, Karnes severely injured two people after having been convicted of driving under the influence on two previous occasions. There is no indication in the record that Karnes intends to stop drinking. Although she claims that she does not want to drive again, she is physically able to do so. Additionally, two DUI convictions did not deter her from drinking and driving. Even after prior involvement with the criminal justice system, she continued to disregard our laws and severely injured two innocent victims as well as herself. As a result, we conclude that consecutive sentences are reasonably related to the severity of these offenses and serve to protect the public from further criminal conduct.

## CONCLUSION

In conclusion, Karnes has not shown that the sentences she received are improper. As a multiple DUI offender who has shown little potential for rehabilitation, she unfortunately is a danger to the public. The trial court was warranted in imposing four (4) year consecutive sentences for two counts of vehicular assault.

The judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

9

_____

**JOSEPH M. TIPTON, JUDGE**

_____

**THOMAS T. WOODALL, JUDGE**

10