**STATE of Tennessee, Appellee,**

v.

**Roger RHODES, Appellant.**

**No. 02C01–9403–CR–00041.**

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 9, 1995.

Application for Permission to Appeal Denied by Supreme Court Feb. 5, 1996.

**710**

Terry D. Smart, Memphis, for Appellant.

Charles W. Burson, Attorney General of Tennessee and Lynn Cashman, Assistant Attorney General of Tennessee, Nashville, John W. Pierotti, Jr., District Attorney General and Terrell L. Harris, Assistant District Attorney General Memphis, for Appellee.

## OPINION

TIPTON, Judge.

The defendant, Roger Rhodes, appeals as of right from the Shelby County Criminal Court in which he entered guilty pleas to and was convicted of vehicular assault, a Class D felony, and driving under the influence of an intoxicant (DUI), a Class A misdemeanor. He was sentenced for the vehicular assault as a Range I, standard offender to three years in the workhouse, suspended except for seven months to be served in actual confinement. He received a concurrent sentence for the DUI of thirty days of which twenty-eight days were suspended.

The defendant contends (1) that convicting and punishing him for both vehicular assault and DUI violate his right against double jeopardy and (2) that the trial court improperly used T.C.A. § 40-35-114(6), relative to him causing "particularly great" injuries to the victim, to enhance his felony sentence above the minimum sentence of two years for which he was eligible. We conclude that both issues have merit, but that another enhancement factor exists to justify our affirming the three-year sentence.

The record reflects that in July 1991, the defendant drove his car into an intersection and collided with the victim's car. The victim received a fractured neck, fractured skull, severe head cut, and other substantial injuries. He was hospitalized for seventeen days and needed seven months of rehabilitation, but will always have some disability. The defendant stated that he ended work on the day of the accident and drank four or five beers in the parking lot to "cool off" and to get a "buzz." He said he was on his way home when he tried to beat a yellow light, but ended up hitting the victim. At the sentencing hearing, the defendant admitted to being "pretty messed up" at the time of the accident. His blood alcohol content was determined to be .2 percent.

## I

■ The defendant contends that he should not have been convicted of both vehicular assault and DUI based upon the same episode, because DUI is a lesser included offense of that assault. He relies upon the wording of the vehicular assault statute which, in pertinent part, refers to the DUI statute and provides:

> *39-13-106. Vehicular assault.*—(a) A person commits vehicular assault who, as the proximate result of the person's intoxication as set forth in § 55-10-401, recklessly causes serious bodily injury to another person by the operation of a motor vehicle. For the purposes of this section, "intoxication" includes alcohol intoxication as defined by § 55-10-408, drug intoxication, or both.

In response, the state asserts that the DUI statute contains an element that is not necessarily included in every vehicular assault in that it provides that a person is guilty if "in physical control of any automobile or other motor vehicle on any of the public roads and highways ... streets and alleys ... shopping center, trailer park or apartment house complex ... or any other premises which is generally frequented by the public at large, while under the influence of any intoxicant." T.C.A. § 55-10-401(a). It applies the same necessary elements test provided by *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) and argues that because every vehicular assault does not necessarily involve an offender being in physical control of a vehicle on a public road or the designated areas frequented by the public, DUI is not a lesser included offense of vehicular assault. Also, it adopts the trial court's stance that the evidence of the DUI was different from that showing the vehicular assault.

■ Preliminarily, although not raised by the state, we note that the defendant entered guilty pleas without reserving the right to appeal a certified question. However, we believe that the double jeopardy issue is properly before us given the circumstances in this case. At the sentencing hearing, the

defendant sought judicial diversion for the vehicular assault while acknowledging that the DUI statute did not allow the use of diversion. The state countered with its reliance upon an opinion of the Attorney General that concluded that pretrial diversion was not available for either a vehicular assault or a vehicular homicide charge based upon driving under the influence of an intoxicant because diversion was prohibited for DUI and the opinion assumed that DUI was a lesser included offense. *See* Op.Tenn.Att'y Gen. No. 93–34 (Apr. 6, 1993).

■ After the state took this approach in the trial court, the defendant claimed that he could not be punished separately for both the greater and lesser offenses. The trial court avoided ruling on the claim by stating that it believed separate facts existed to support separate convictions. In this respect, the question of whether the Double Jeopardy Clause of either the state or federal constitution precluded the trial court from imposing separate punishments was not waived by the defendant's entry of or the trial court's acceptance of the guilty pleas. "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Menna v. New York,* 423 U.S. 61, 62, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975) (reversing, per curiam, a state court decision that a guilty plea "waived" a double jeopardy claim). Also, the Court explained that it was not holding that a double jeopardy claim may never be waived, only that a mere guilty plea did not automatically constitute a waiver when the claim was apparent from the face of the record. *Id.; see United States v. Broce,* 488 U.S. 563, 574–76, 109 S.Ct. 757, 765–66, 102 L.Ed.2d 927 (1989).

■ Pursuant to Rule 3(b), T.R.A.P., an appeal as of right lies from a guilty plea "if the issues presented for review were not waived as a matter of law by the plea of guilty ... and if such issues are apparent from the record of the proceedings already had." *See also* Tenn.R.Crim.P. Rule 37(b)(2)(iii). Likewise, issues relating to sentencing are obviously not waived by the mere entry of a guilty plea. Therefore, given how and when the double jeopardy issue developed in the trial court, we conclude that it is properly before us for decision upon the existing record on appeal.

As for our view of the issue, the state makes a compelling argument under the *Blockburger* test about the DUI statute containing one or more elements not necessarily present in every commission of a vehicular assault offense. In *Blockburger,* the Supreme Court recognized that the Double Jeopardy Clause prohibited the courts from imposing multiple punishments for a single act or event unless the legislature intended more than one punishment. It stated that any resolution of a question about whether multiple punishments are allowed must include statutory construction analysis relative to whether the legislature intended to punish for only one or for two crimes. The Court stated the following:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

284 U.S. at 304, 52 S.Ct. at 182. This test is recognized and used in Tennessee. *See State v. Black,* 524 S.W.2d 913, 919 (Tenn.1975).

■ However, we recognize that the *Blockburger* test is only a rule of statutory construction and that legislative intent may be established in other ways and lead to different conclusions. *See Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983) (although two statutes proscribe same conduct under *Blockburger* test, double jeopardy not implicated when legislature specifically authorized cumulative punishments under both statutes). For example, in *State v. Lowery,* 667 S.W.2d 52 (Tenn.1984), our supreme court considered whether grand larceny was a lesser included offense of armed robbery even though proof of value, needed to establish grand larceny, was not an element of robbery. It determined that the grand larceny and armed robbery statutes did not "protect separate and distinct interests, but overlapping ones," that the "graveman [sic] of a larceny charge is the taking and carrying away of the goods

of another," and that larceny had previously been held to be a lesser included offense of robbery. *Id* at 54–55. From this analysis of the core interests of the applicable statutes and its review of the facts, the court concluded that grand larceny was a lesser included offense so as to constitute the "same offense" as armed robbery for double jeopardy purposes.

In *State v. Burdine*, 888 S.W.2d 463, 464 (Tenn.Crim.App.1994), this court held that DUI is a lesser included offense of vehicular assault under T.C.A. § 39–13–106(a). We note that although the court thought significant the fact that the assault statute referred to the DUI statute, it also referred to the lesser included offense standard dealing with the requirement that it be impossible to commit the greater without committing the lesser. As the state's argument shows, though, the vehicular assault statute does not expressly require that the driving occur on a public road or a designated place frequented by the public.[1] Thus, it can be argued that the *Blockburger* test shows that the legislature intended the two offenses to be separately punished.

However, we conclude that *Burdine* reaches the correct result relative to what relationship the legislature intended between DUI and vehicular assault. First, we note that in *State v. McKinney*, 605 S.W.2d 842, 847 (Tenn.Crim.App.1980), this court stated that DUI was a lesser included offense of vehicular homicide under a statute that prohibited the killing of another by operation of an automobile "[a]s the proximate result of the driver's intoxication as set forth in § 55–10–401. For purposes of this section, 'intoxication' shall include alcohol intoxication as defined by § 55–10–408, drug intoxication or both." T.C.A. § 39–2412 (later designated § 39–2–231, repealed 1989). Thus, after 1980, the legislature was aware that the foregoing language was interpreted by the Tennessee courts to include DUI, as defined in T.C.A. § 55–10–401, as a lesser included offense.

In the face of this judicial interpretation, in 1988, the legislature amended the then existing aggravated assault statute to prohibit a person from causing "serious bodily injury to another person by the operation of an automobile ... or other motor vehicle as the proximate result of the driver's intoxication as set forth in § 55–10–401. For purposes of this subdivision 'intoxication' includes alcohol intoxication as defined by § 55–10–408, drug intoxication or both." T.C.A. § 39–2–101(b)(6) (repealed 1989). As previously indicated in this opinion, this is the same language that appears in the present vehicular assault statute that was enacted in 1989, and in the vehicular homicide statute as well. *See* T.C.A. § 39–13–213(a)(2).

A rule of statutory construction provides that when the legislature reenacts an earlier statute, we presume that it knows and approves of prior judicial constructions of that statute by the courts of that state. *See* Sutherland Stat. Const. § 49.09 (5th ed.1992). Thus, we may presume that the legislature was aware of *McKinney* and, at least, accepted this court's interpretations when it enacted the present statutes using the same language.[2]

Second and as important, as *Burdine* reasons, the references in the vehicular assault statute to the DUI laws reflect a legislative expression of greatly overlapping interests involved with the two laws. In fact, the same relationship with the DUI statute exists for the vehicular homicide statute as well. Under all of these circumstances, we conclude that the legislature intended for vehicular

---

1. In an unreported case filed after *Burdine,* this court followed *Burdine* in denying pretrial diversion for vehicular homicide, but stated that this element of DUI was not always present in the commission of such a homicide. *See State v. James Clinton Wolford,* No. 03C01–9308–CR–00259, Hamilton Co., 1995 WL 109281 (Tenn. Crim.App. Mar. 6, 1995)

2. The Tennessee Supreme Court denied permission to appeal in *McKinney.* Beginning in 1982, *McKinney* appeared in the Notes to Decisions provided for the vehicular homicide statute in the Tennessee Code Annotated and has been not-

ed for the proposition that DUI is a lesser included offense. In the present bound volume of the code, although *McKinney* only appears in the Decisions under Prior Law section following the vehicular homicide statute, the Sentencing Commission Comments state that the present law is "very similar to prior law" except for one aspect not related to our issue. These circumstances show that *McKinney* was not some arcane case whose existence would be unknown to the legislature, its staff, prosecutors, the Sentencing Commission or others commonly motivated to review or effect legislation.

assault to include DUI as a lesser included offense. Thus, for double jeopardy purposes, a person cannot be punished separately for DUI and vehicular assault for one act of driving under the influence that causes serious bodily injury.

Relative to the issue of multiple punishments, one aspect remains. The state contends that the DUI was a separate offense in that it was committed at a different time than the vehicular assault. It relies upon the trial court's finding that the DUI was committed from the time the defendant got behind the wheel until the point the accident happened and that the assault then happened as a separate offense.

■ As the state's argument implies, the double jeopardy prohibitions against multiple punishments are not involved when separate facts prove separate offenses. Simply put for this case, once we have decided that DUI is a lesser included offense to vehicular assault, the issue becomes how many DUI offenses may be prosecuted for the defendant's driving his car from work directly to the accident scene. However, as with the question of how many offenses apply to one act, the question of how many units of prosecution can be used when a continuing course of conduct occurs is answered by determining how many the legislature intended. *See State v. Davis,* 654 S.W.2d 688, 696 (Tenn. Crim.App.1983).

■ *Davis* is an excellent example of the analysis used to determine the allowable units of prosecution provided by a criminal statute. Generally, if the statute prohibits individual acts, then each act is punished separately. However, if it prohibits the course of action which the several acts constitute, then there can be only one penalty. *Id.* at 696. Also, given the legislature's power to define what is an offense, *see State v. Hale,* 840 S.W.2d 307, 314 (Tenn.1992), and what it desires to be a unit of prosecution, it has the duty, as well, to do so clearly and without ambiguity. Thus, if the legislature fails in this duty, we will resolve ambiguity in favor of lenity. *Davis,* 654 S.W.2d at 696; *see Bell v. United States,* 349 U.S. 81, 83–84, 75 S.Ct.

620, 622, 99 L.Ed. 905 (1955). (Congress has the ability in expressing its intent "to make each stick in a faggot a single criminal unit," but ambiguity arising from an undeclared intent will be resolved against turning a single transaction into multiple offenses.)

As previously stated, T.C.A. § 55–10–401(a) states, in pertinent part, as follows:

> It is unlawful for any person ... to drive or be in physical control of any automobile ... on any of the public roads and highways of the state ... or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while under the influence of any intoxicant....

In *State v. Adkins,* 619 S.W.2d 147, 149 (Tenn.Crim.App.1981), this court, in distinguishing DUI from reckless driving, stated that "driving while intoxicated is a continuing offense" in the context of whether police officers could stop a car because of the commission of a misdemeanor in their presence. *Compare State v. Gilboy,* 857 S.W.2d 884, 887–88 (Tenn.Crim.App.1993) (the number of reckless driving offenses depends upon the number of times the driving was reckless). In *State v. Corder,* 854 S.W.2d 653, 654 (Tenn.Crim.App.1992), this court again stated that DUI was a continuing offense, citing *Adkins. See also State v. Ford,* 725 S.W.2d 689, 690 (Tenn.Crim.App.1986). We see no reason to interpret the DUI statute any differently now. In fact, it would be impossible under the present statute reasonably to divide into more than one segment any one period of continuous driving under a continuing state of intoxication.

■ Under these circumstances, we conclude that the trial court erred in determining that the defendant's driving his car from the workplace to the site of the accident was a different DUI offense than the one that was necessary to sustain the vehicular assault. The record reflects only evidence of one DUI offense that resulted in the accident and caused serious bodily injury to the victim. As a sister state has stated about its relatively similar DUI law, "a defendant can only be prosecuted once for a continuous period of drunk driving." *Reeve v. State,* 764 P.2d 324, 326 (Alaska Ct.App.1988). Thus,

the defendant could only be punished for one offense and the trial court should have entered only the judgment of conviction for the vehicular assault offense.

## II

The defendant's sole complaint about sentencing for the vehicular assault is that the one enhancement factor upon which the trial court relied to increase his sentence above the minimum applicable should not have been used. The trial court found that the personal injuries inflicted upon the victim were particularly great. *See* T.C.A. § 40–35–114(6). The defendant contends that use of factor (6) causes an improper double enhancement because an element of vehicular assault is that he caused "serious bodily injury" to the victim. *See* T.C.A. § 39–13–106. In effect, the defendant is claiming that the prohibition provided in T.C.A. § 40–35–114 against allowing elements of the offense to be used as statutory enhancement factors applies. He is correct.

After this case was appealed, the Tennessee Supreme Court decided in *State v. Jones*, 883 S.W.2d 597, 602 (Tenn.1994) that the definition of serious bodily injury in the criminal code necessarily included particularly great injury. Thus, it held that factor (6) was an element of an offense requiring serious bodily injury. Under *Jones*, the trial court's application of factor (6) in this case was unwarranted.

The state contends, though, that we should apply enhancement factor (10), which allows enhancement upon a finding that the defendant "had no hesitation about committing a crime when the risk to human life was high." It argues that the defendant's admitted history of drinking and understanding of the danger he posed by driving while intoxicated bring factor (10) into play. This argument focuses upon the defendant not hesitating to drive in his condition, but in *Jones*, the supreme court de-emphasized the reference to "no hesitation" because it was too subjective. 883 S.W.2d at 602. Unquestionably, vehicular assault reflects the legislature's appreciation of the substantial risk of and actual degree of harm that results from DUI caused injury. To the extent of the risk to the victim, the punishment provided by the statute generally addresses this concern. Otherwise, the record does not indicate that any other person was actually threatened by the defendant's driving. Under these circumstances, we do not believe that factor (10) has been shown to apply.

However, in our *de novo* review of this case for sentencing purposes, *see* T.C.A. § 40–35–401(d), we believe that the defendant's admissions and other evidence about his past drinking and driving are sufficient to call for application of the enhancement factor dealing with previous criminal history. *See* T.C.A. § 40–35–114(1). He had a prior reckless driving conviction that was shown to involve alcohol. He had been warned about the seriousness of drinking and driving by his father, who had even taken his car away before as a precautionary measure. The defendant admitted that he frequently would drink and drive before the present offense occurred and that he had been drinking for three hours before the accident. Certainly, this history of similar conduct, even in the face of being advised of the dangers flowing from it, justifies enhancement in the amount ordered by the trial court. Thus, the sentence imposed for the vehicular assault shall remain in effect.

In consideration of the foregoing, the separate judgment of conviction for DUI is vacated. The remaining conviction for vehicular assault and the sentence imposed for it by the trial court are affirmed.

JONES and PEAY, JJ., concur.