# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### OCTOBER 1998 SESSION

**FILED**

December 21, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9710-CC-00445 |
| Appellee, | ) | |
| | ) | HICKMAN COUNTY |
| VS. | ) | |
| | ) | HON. CORNELIA A. CLARK, |
| DAVID T. JONES, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (DUI, 3rd Offense) |

**FOR THE APPELLANT:**

**JOHN H. HENDERSON**
District Public Defender

**ELAINE B. BEELER**
Assistant District Public Defender
407-C Main Street
P.O. Box 68
Franklin, TN 37065-0068

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**TIMOTHY F. BEHAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JOSEPH D. BAUGH, JR.**
District Attorney General

**RONALD L. DAVIS**
Assistant District Attorney General
Williamson County Courthouse
Suite G-6
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

# OPINION

The defendant, David T. Jones, appeals his conviction for driving under the influence of an intoxicant, third offense. The defendant was sentenced to eleven (11) months and twenty-nine (29) days and fined $1,500. On appeal, he raises the following issues for review:

> (1) whether the trial court erred by failing to declare a mistrial after a trooper testified the defendant had recently been released from jail;
>
> (2) whether the evidence was sufficient to convict the defendant of DUI; and
>
> (3) whether the trial court correctly sentenced the defendant.

The judgment of the trial court is AFFIRMED.

# <u>FACTS</u>

The defendant was discovered in the early evening of November 7, 1995, trapped in his wrecked vehicle in Hickman County. His vehicle had left the roadway and struck a tree. The vehicle's passenger door remained blocked by the tree. Emergency personnel were forced to cut the driver's door open in order to remove the defendant from the wreckage. The vehicle's engine was still warm when the paramedics arrived.

The defendant was uncooperative with the emergency personnel at the scene. Trooper Kent Montgomery, who arrived at the scene shortly after the paramedics, testified that the defendant smelled "like he had been drinking an alcoholic beverage." Paramedics Brian Qualls and Paul Smith also testified that they smelled alcohol on the defendant. Smith stated the defendant's speech was slurred and that he was "thick-tongued." Both Qualls and Smith described the defendant as appearing "intoxicated." Trooper Montgomery testified the

defendant was "extremely intoxicated."

When the trooper attempted to administer the horizontal gaze nystagmus field sobriety test, the defendant closed his eyes. The defendant later refused medical treatment as well as a chemical analysis of his blood alcohol content.

The defense offered no proof at trial.

## MISTRIAL

During Trooper Montgomery's testimony, he related that when he asked for the defendant's driver's license, the defendant responded that he did not have one because he "had just got out of jail." Defense counsel immediately moved for a mistrial. The trial court denied the mistrial and gave the jury the following curative instruction:

> Ladies and gentlemen, the last question and answer are being stricken and I want to instruct you to disregard it and to assume that you never heard it. In a case like this an individual is permitted, with some restrictions, to testify about what a defendant may have said, but it's not actually being introduced for the truth. At this point neither the trooper nor any of us have any way of knowing if the statements made were even the truth. The fact that somebody may have recently come from a jail somewhere doesn't have anything to do with anything, because there is no proof in the record as to what that may have meant, whether somebody was visiting or anything, and that does not in any way suggest, even if true, or doesn't have any relevance to this case, and at this point in this case we don't even know whether those statements, if made, were true. So you must disregard those, consider as though you had never heard them.

The determination of whether to grant a mistrial rests within the sound discretion of the trial court. State v. Smith, 871 S.W.2d 667, 672 (Tenn. 1994). The reviewing court should not overturn that decision absent an abuse of discretion. State v. Hall, 947 S.W.2d 181, 184 (Tenn. Crim. App. 1997). The

3

burden of establishing the necessity for mistrial lies with the party seeking it. State v. Williams, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996). In making this determination, no abstract formula should be mechanically applied, and all circumstances should be taken into account. State v. Mounce, 859 S.W.2d 319, 322 (Tenn. 1993).

The trooper's comment was wholly unsolicited by the state. The trial court immediately instructed the jury at length as to why they were not permitted to consider it in their deliberations. The jury is presumed to have followed the trial court's curative instructions, absent evidence to the contrary. State v. Smith, 893 S.W.2d 908, 914 (Tenn. 1994); State v. Williams, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996). In view of these matters as well as the overwhelming evidence of guilt, we conclude the defendant was not unduly prejudiced by the trooper's remark.

This issue is without merit.

## SUFFICIENCY OF THE EVIDENCE

The defendant contends the state did not sufficiently prove that he was under the influence of an intoxicant and in physical control of the vehicle. He alleges the evidence of intoxication consisted solely of witnesses testifying to what they smelled, and the only evidence that he was in physical control of the vehicle was circumstantial.

When an accused challenges the sufficiency of the convicting evidence, our standard of review is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Questions

concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this Court. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). Nor may this Court reweigh or re-evaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the state is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Id. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

As to the defendant's intoxication, three (3) witnesses testified that the defendant smelled of alcohol and had slurred speech. Each testified he appeared intoxicated. Further, he refused to submit to field sobriety and blood alcohol tests. The defendant also refused medical treatment when he learned the hospital staff would use any blood sample taken, in part, to determine blood alcohol content. Viewed in a light most favorable to the state, there was sufficient evidence to find the defendant was under the influence of an intoxicant.

Regarding "physical control" of the vehicle, the Tennessee Supreme Court has previously analyzed cases in which a defendant is discovered in a situation similar to the defendant in the instant case. See State v. Lawrence, 849 S.W.2d 761, 763 (Tenn. 1993). The Court initially noted that circumstantial evidence can be sufficient to sustain a DUI conviction. Id. The Court further held that a totality of the circumstances approach should be utilized in determining whether the defendant was in "physical control" of the vehicle for the purposes of Tenn. Code Ann. § 55-10-401(a).

Following this approach, there is sufficient evidence that the defendant was in "physical control" of the vehicle as contemplated by Tenn. Code Ann. §

5

55-10-401(a).  The defendant's suggestion that another person could have been driving the vehicle and disappeared after the wreck is not compelling.  The testimony at trial revealed the defendant's feet and legs were pinned beneath the steering wheel.  It defies logic to suggest that another person actually drove the vehicle, survived the crash uninjured, and then escaped through the shattered rear window leaving the defendant with his legs pinned under the steering wheel.  The jury was at liberty to reject such a scenario.

This issue is without merit.

## SENTENCING

The defendant contends in his final issue that the trial court erred in imposing a sentence of eleven (11) months and twenty-nine (29) days incarceration rather than the statutory minimum time in jail, 120 days.  He alleges the trial court gave undue weight to the fact that he pled guilty to DUI, second offense, only four (4) days prior to his arrest for this, his third DUI offense.  The defendant further alleges the trial court used inapplicable enhancement factors in arriving at the maximum sentence.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d).  This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*.  State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).  The burden is upon the appealing party to show that the sentence is improper.  Tenn. Code Ann. § 40-35-401(d) Sentencing Commission

6

Comments.

The defendant is correct in his assertion that the trial court placed great emphasis on the fact that the instant offense was committed only four (4) days after he pled guilty to the identical crime. It found this repeat behavior showed an unwillingness to comply with conditions of a sentence involving release into the community. Tenn. Code Ann. § 40-35-114(8). However, the application of this enhancement factor requires a "previous history" of unwillingness to comply with sentences involving release into the community. Id. Thus, this enhancement factor was improperly applied. See State v. Hayes, 899 S.W.2d 175, 186 (Tenn. Crim. App. 1995).

The trial court also applied enhancement factors (10) and (16); namely, the defendant had no hesitation about committing a crime when the risk to human life was high, and the crime was committed under circumstances under which the potential for bodily injury to a victim was great. Tenn. Code Ann. § 40-35-114(10), (16). These factors were erroneously applied as the record does not establish that other persons were actually threatened by the defendant's conduct. See State v. Rhodes, 917 S.W.2d 708, 714 (Tenn. Crim. App. 1995). However, the trial court stated it gave little weight to these factors.

We, nevertheless, agree with the trial court's assessment of the defendant's amenability to rehabilitation. Although committing the present offense only four (4) days after another DUI conviction does not give rise to enhancement factor (8) as discussed above, the trial court correctly noted this establishes that measures less restrictive than confinement had recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1)(C). The trial court properly gave this sentencing principle great weight.

Tenn. Code Ann. 55-10-403(c) mandates a sentence of eleven (11)

7

months and twenty-nine (29) days for DUI with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended. State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996). Thus, the issue before this Court is whether the trial court erred in imposing the maximum sentence of actual confinement.

We decline to reduce the sentence. The erroneous application of enhancement factors does not necessarily require a reduction of the sentence. See State v. Lavender, 967 S.W.2d 803, 809 (Tenn. 1998). This is the defendant's third conviction for DUI. It was committed only four days after he pled guilty to DUI, second offense. The defendant appears to be a danger to others as well as himself and has failed to show that the sentence was improper.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**JOSEPH M. TIPTON, JUDGE**