**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON**

**AUGUST 1999 SESSION**

**STATE OF TENNESSEE**

**V.**

No. W1998-00582-CCA-R3-CD

**MARK LEE BOONE**

**FILED**

December 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

**Concurring and Dissenting Opinion**

I concur in the majority's opinion, except for the affirmance of the defendant's DUI conviction. In my view, this court should hold under the plain error rule that double jeopardy principles dictate the reversal of the DUI conviction and the dismissal of that case.

The aggravated vehicular homicide conviction was based upon Tennessee Code Annotated sections 39-13-213 (a) (2) and -218. Section 39-13-218 establishes the conditions for making a section 213 vehicular homicide an aggravated offense, and section 213 proscribes generally vehicular homicide. The basis for a vehicular homicide prosecution under section 39-13-213 (a)(2) is "a reckless killing of another . . . [a]s the proximate result of the driver's intoxication as set forth in § 55-10-401." Tenn. Code Ann. § 39-1213 (a)(2)(1997). Code section 55-10-401 is the statute which defines and proscribes driving under the influence.

In like manner, the defendant's vehicular assault conviction was based upon Tennessee Code Annotated section 39-13-106, which proscribes vehicular assault proximately resulting from the defendant's "intoxication as set forth in § 55-10-401."

The defendant's fourth-offense DUI conviction was based upon section 55-10-401, which proscribes the under-the-influence operation of a motor vehicle "on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented

1

by the public at large." Tenn. Code Ann. § 55-10-401(a) (1997).

The DUI conviction was based upon the November 9, 1996 conduct which resulted in the vehicular homicide and assault.

In State v. Burdine, 888 S.W.2d 463 (Tenn. Crim. App. 1994), this court held that, for purposes of construing the provisions for eligibility for pretrial diversion, "D.U.I. is an lesser included offense of vehicular assault." Id. at 464. In State v. McKinney, 605 S.W.2d 842 (Tenn. Crim. App. 1980), this court, in deciding a jury-instruction issue, accepted without resistance McKinney's claim that DUI was a lesser include offense of vehicular homicide.

In State v. Rhodes, 917 S.W.2d 708 (Tenn. Crim. App. 1995), this court held that convictions for vehicular assault and DUI resulting from the same conduct could not both stand because "the legislature intended for vehicular assault to include DUI as a lesser included offense." Id. at 712-13. We concluded that "for double jeopardy purposes, a person cannot be punished separately for DUI and vehicular assault for one act of driving under the influence . . . ." Id. at 713.

In Rhodes, this court rejected the state's argument that, because the DUI statute contained the elements of driving "on a public road or designated areas frequented by the public," and that because these elements are not contained in the vehicular assault statute, DUI should not be considered a lesser included offense of vehicular assault under the principles of Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). Rhodes, 917 S.W.2d at 710. The Blockburger test for analyzing whether two offenses may result from one action focuses upon "whether each [statutory] provision requires proof of an additional fact which the other does not." Blockburger, 284 U.S. at 304, 52 S. Ct. at 182. The Rhodes court acknowledged that legislative intent is the determinative factor in deciding whether multiple punishments may be imposed for a single act or event, Rhodes, 917 S.W.2d at 711, but it characterized the Blockburger test as just one measure of legislative intent. The court found compelling the fact that the legislature, in its 1989 enactments, used the same language to proscribe vehicular assault which it presumptively knew had been

2

previously interpreted as establishing DUI as a lesser included offense. Id. at 712. Furthermore, the court reasoned that the DUI statute and both the vehicular homicide and assault statutes "reflect a legislative expression of greatly overlapping interests." Id. For these reasons, the court concluded that because the legislature intended that a defendant should not be punished both for vehicular assault and the underlying DUI, he may not be.

_____The Rhodes holding is supported by our supreme court's recent decision in State v. Brenda Anne Burns, — S.W.2d —, No. W1996-00004-SC-R11-CD (Tenn., Jackson, Nov. 8, 1999). In Burns, the supreme court adopted a "definition of 'lesser included' offenses":

> An offense is a lesser included offense if:
>
> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element of elements establishing:
>       (1) a different mental state indicating a lesser kind of culpability; and/or
>       (2) a less serious harm or risk of harm to the same person, property or public interest; or
>
> (c) it consists of [facilitation, attempt to commit the greater offense, or solicitation].

Brenda Anne Burns, — S.W.2d at —, slip op. at 22-23. A review of the statutory elements of the greater offense of vehicular homicide and vehicular assault reflects that all of the provisions of section 55-10-401 are incorporated by reference. Succinctly, "all of the statutory elements" of DUI are "included within the statutory elements" of the greater offenses.

Based upon the authorities cited above, I conclude that in the present case the DUI offense is barred by principles of double jeopardy. See State v. George Blake Kelly, No. 01C01-9610-CC-00448, slip op. at 18-19 (Tenn. Crim. App., Nashville, Oct. 13, 1998) (holding that double jeopardy principles bar the prosecution of vehicular homicide and DUI charges arising out of one act); State v. Robert Glen Grissom III, No. 02C01-9204-CC-00076, slip op. at 10 (Tenn. Crim. App., Jackson, Mar. 10, 1993)

3

("[O]peration of a motor vehicle while under the influence *is an essential element* of the offense [of vehicular homicide]; and it is a lesser included offense of [vehicular homicide].") (emphasis added). "When an accused is convicted of both a lesser included offense and the greater offense, the conviction for the lesser offense must be dismissed." Robert Glen Grissom III, slip op. at 10.

The question then becomes whether the issue should be noticed under the plain error rule:

> An error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice.

See Tenn. R. Crim. P. 52(b).

It is difficult to imagine an error which more "affects the substantial rights of an accused" than one which allows a *prohibited* conviction to be imposed. As this court stated in Rhodes, "'Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty.'" Rhodes, 917 S.W.2d at 711 (quoting Menna v. New York, 423 U.S. 61, 62, 96 S. Ct. 241, 242 (1975)). In State v. Epps, 989 S.W.2d 742 (Tenn. Crim. App. 1998), this court noticed as plain error "that the appellant's convictions for both theft and attempted theft violate principles of double jeopardy." Id. at 745. The court reversed the attempted theft conviction and dismissed that charge. See State v. Hodge, 989 S.W.2d 717 (Tenn Crim. App. 1998) (plain error noticed in an election of offenses issue "[b]ecause election involves Appellant's constitutional rights to protection against double jeopardy and to a unanimous jury verdict"); State v. Brooks, 909 S.W.2d 854 (Tenn. Crim. App. 1995) (legislative-intent analysis used to determine whether aggravated assault and reckless endangerment convictions violated double jeopardy principles, even though the issue was not properly raised in the trial court).

Based upon the guidance provided by these authorities, I would

4

hold the imposition of the DUI conviction is barred and that, as a matter of plain error, this conviction should be reversed and the charge dismissed.

In all other respects, I fully concur in the majority opinion.

_____
JAMES CURWOOD WITT, JR., JUDGE