IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 14, 2004

## DEXTER P. JONES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Wilson County**
**Nos. 01-0142, 01-0463, 01-464-66     John D. Wootten, Judge**

---

**No. M2003-01229-CCA-R3-PC**

---

The petitioner, Dexter P. Jones, appeals from the Wilson County Criminal Court's denial of post-conviction relief from his four convictions for assault, a Class A misdemeanor, and resulting consecutive eleven-month, twenty-nine-day sentences. He contends that his guilty pleas were not knowingly, voluntarily, and intelligently made because the trial court did not advise him that he was waiving a double jeopardy claim. We affirm the trial court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Jack D. Lowery, Lebanon, Tennessee, for the appellant, Dexter P. Jones.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Robert N. Hibbett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was charged with three counts of aggravated assault, two counts of assault, one count of resisting arrest, and one count of public intoxication. He agreed to plead guilty to four counts of assault and to serve four consecutive eleven-month, twenty-nine-day sentences. The plea agreement provided that he would serve 208 days in jail, the remainder on probation. At the guilty plea hearing on July 19, 2001, the state presented the following account of the petitioner's December 13, 2000 attack on the victim:

> [T]he proof would show that [the petitioner] assaulted [the victim] on that day and choked her three times until she lost consciousness. She would lose consciousness, regain consciousness, then be choked again. That happened on three separate occasions.

> [The victim] would also testify that on that particular day for that case that he–that she reasonably feared imminent bodily injury because of his assault against her on that day.

For the fourth assault conviction, the record reflects that the petitioner was also involved in a separate domestic incident on February 3, 2001. The trial court revoked the petitioner's probation on September 14, 2001, and he filed his petition for post-conviction relief on March 22, 2002.

At the post-conviction hearing, the petitioner's trial counsel testified that he met with the petitioner eight to ten times before the guilty plea hearing. On July 6, 2001, he met with the petitioner to determine the petitioner's priorities in the case. The petitioner's top priority was to avoid a felony conviction because he did not believe he could continue his employment at Aerostructures, Textron as an engineer draftsman with a felony on his record. The petitioner's second priority was to get out of jail as soon as possible. With the petitioner's priorities in mind, the trial attorney negotiated a plea offer from the state for the petitioner to plead guilty to four counts of misdemeanor assault. The state's offer stipulated that the petitioner would receive four consecutive eleven-month, twenty-nine-day sentences and would be released from jail six weeks after entering his plea. When trial counsel talked with the petitioner about the plea offer, the petitioner believed accepting the plea was in his best interests.

On cross-examination, trial counsel testified that if they went to trial and the jury believed the petitioner's testimony, he still would have been guilty of some of the charges. He was surprised that the grand jury did not return an indictment for rape against the petitioner, and he acknowledged that he thought it was bizarre that the grand jury indicted the petitioner on three counts of aggravated assault. He did not remember if he discussed double jeopardy with the petitioner, but he said the petitioner understood the case and knew to what he would be willing to plead guilty in order to avoid a felony conviction. The petitioner did not testify at the post-conviction hearing. The post-conviction court ruled that double jeopardy rights are waived by a knowing, voluntary, and intelligent guilty plea. The court found that the petitioner's guilty pleas to four counts of assault were knowingly, voluntarily, and understandingly made and concluded that the trial court had complied with the necessary procedure in its acceptance of the petitioner's guilty pleas.

The gist of the petitioner's claim is that his choking the victim was all part of a single offense and that if he went to trial, he could not have been convicted of three counts of aggravated assault. He asserts that because he could only have been convicted of one count, the trial court should have advised him that he was waiving a double jeopardy claim before allowing him to plead guilty. The state claims that the trial court followed the proper procedure when it accepted the petitioner's pleas and that the pleas were knowingly, voluntarily, and intelligently made.

In order for a petitioner to succeed on a post-conviction claim, the petitioner must show the allegations set forth in his petition by clear and convincing evidence. T.C.A. § 40-30-110(f) (2003). A trial court's findings of fact in a post-conviction hearing are conclusive on appeal unless the evidence in the record preponderates against those findings. See Butler v. State, 789 S.W.2d 898,

899 (Tenn. 1990). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial court. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Id. Post-conviction relief may only be given if a conviction or sentence is void or voidable because of a violation of a constitutional right. T.C.A. § 40-30-103 (2003).

In order for a conviction based upon a guilty plea to comport with due process, the plea must be voluntarily, knowingly, and understandingly entered. Boykin v. Alabama, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 1712 (1969). A guilty plea is not voluntary "if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43, 89 S. Ct. at 1712). The standard for assessing the validity of a guilty plea is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Id. (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970)). "[T]he record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea; otherwise, it will not amount to an 'intentional abandonment of a known right.'" State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). To assess whether a petitioner entered a knowing, voluntary, and intelligent guilty plea, this court must consider the totality of the circumstances. State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995).

The post-conviction court's finding that a defendant gives up a double jeopardy claim upon pleading guilty to the charged offenses is incorrect. In State v. Rhodes, this court held that "the question of whether the Double Jeopardy Clause of either the state or federal constitution [is implicated] was not waived by the defendant's entry of or the trial court's acceptance of the guilty pleas." 917 S.W.2d 708, 711 (Tenn. Crim. App. 1995). In Rhodes, we relied on Menna v. New York, in which the United States Supreme Court reversed, per curium, a state court decision that a guilty plea "waived" a double jeopardy claim. 423 U.S. 61, 62, 96 S. Ct. 241, 242 (1975); see also United States v. Broce, 488 U.S. 563, 574-76, 109 S. Ct. 757, 765-66 (1989) (holding that a double jeopardy claim may be waived, but a mere guilty plea does not automatically constitute a waiver when the claim is apparent from the face of the record). Because a guilty plea does not waive a double jeopardy claim, we must determine whether the petitioner had a double jeopardy claim of which he should have been advised and, if so, did the trial court so advise him.

At the guilty plea hearing, the stipulated factual account of the offenses provided that the petitioner choked the victim on "three separate occasions." A defendant may be convicted of multiple crimes without violating his right to be free from double jeopardy if the offenses are committed separately. In our analysis, we use the facts to which the parties agreed at the guilty plea hearing and will not reevaluate them in this post-conviction appeal. By pleading guilty, the petitioner acknowledged that the state's version of the facts was accurate. In this regard, because it was stipulated at the guilty plea hearing that the offenses occurred separately, there was no double jeopardy claim about which the court could advise the petitioner. As such, we conclude that the trial

3

court advised the petitioner properly at the guilty plea hearing and that the petitioner's pleas were knowingly, voluntarily, and intelligently made.

Also, by not testifying at the post-conviction hearing, the petitioner leaves unproven any claim that if he had been advised of the double jeopardy issues, he would not have pled guilty. The record reflects that the petitioner's major concern at the time of the pleas was to avoid a felony conviction. We cannot infer from a silent record that a potential double jeopardy issue would have mattered to him. We hold that the trial court properly rejected the petitioner's claim for post-conviction relief.

Based on the foregoing and the record as a whole, we affirm the trial court's denial of the petition.

_____
JOSEPH M. TIPTON, JUDGE