IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 2, 2010

**BILLY HARRIS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 01-02675    Carolyn Wade Blackett, Judge**

———————————

**No. W2009-01069-CCA-R3-PC  - Filed March 9, 2010**

———————————

Petitioner, Billy Harris, was convicted by a Shelby County Jury of one count of rape and three counts of aggravated kidnapping. He was sentenced as a Range I, standard offender for each conviction. The aggravated kidnapping sentences were ordered to run concurrently with each other but consecutively to the rape conviction, for a total effective sentence of twenty years. Petitioner appealed his convictions and sentence. *State v. Billy Harris*, No. W2003-01911-CCA-R3-CD, 2004 WL 1765532 (Tenn. Crim. App., at Jackson, Aug. 4, 2004), *perm. app. denied*, (Tenn. Dec. 20, 2004). On appeal, Petitioner's convictions for aggravated kidnapping were merged, and the trial court was ordered to resentence Petitioner. *Id.* at *1. This Court determined that the remainder of Petitioner's issues were waived because the motion for new trial was untimely and no plain error existed. *Id.* On remand, Petitioner was resentenced to an effective ten-year term. Petitioner then sought post-conviction relief. *Billy Harris v. State*, No. W2006-01150-CCA-R3-PC, 2007 WL 1946655 (Tenn. Crim. App., at Jackson, July 3, 2007). The post-conviction court dismissed the petition without appointment of counsel. This Court reversed the dismissal and remanded for appointment of counsel and an evidentiary hearing. *Id.* at *2-3. After the denial of post-conviction relief, Petitioner has appealed. We agree with the post-conviction court that Petitioner failed to show that he received ineffective assistance of counsel. Accordingly, because we determine that the post-conviction court properly dismissed the petition for post-conviction relief, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**.

JERRY L. SMITH, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Juni S. Ganguli, Memphis, Tennessee, for the appellant, Billy Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William L. Gibbons, District Attorney General, and Paul Goodman, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

*Factual Background*

The facts underlying Petitioner's convictions were summarized by this Court on direct appeal. The testimony at trial revealed that the victim picked up her and Petitioner's one-year-old son from daycare around 4:00 p.m. on November 21, 2000. *Billy Harris*, 2004 WL 1765532, at *1-2. When she left the daycare, Petitioner overtook the car and drove her to some apartments. *Id.* While at the apartments, Petitioner raped the victim. *Id.* Petitioner had a gun. *Id.* At some point, Petitioner asked someone to keep the baby. *Id.* at *2. Petitioner then took the victim and drove her around in the car before returning to the apartment where he let the victim get her child. *Id.* When the victim was allowed to leave, she drove to work where her best friend was waiting for her. *Id.* The victim called the police and reported the incident. *Id.*

The victim admitted that she and Petitioner had been in a relationship and that Petitioner had lived with her at one time but she moved out because Petitioner "kicked in her doors, telephoned her all the time, and would not leave her alone." *Id.* at *2. The victim also admitted that she visited Petitioner in jail after he was arrested in this case and loaned him money. *Id.* An eyewitness to the altercation at the daycare center heard Petitioner and the victim arguing and heard one of them say something about a gun. *Id.* The victim's roomate, Bernita Henley testified that when the victim finally got home on the night of the incident, she told her that Petitioner "had a gun and had raped her." *Id.* at *3.

As part of the investigation there was one sperm head found on the victim's underwear. *Id.* at *5. There was also evidence that the victim had previously secured an order of protection against Petitioner. *Id.* There was also testimony introduced that Petitioner was in a romantic relationship with Maria Alexander, a woman with whom Petitioner had three children. *Id.* Ms. Alexander was the occupant of the apartment where Petitioner took the victim on the day of the incident. *Id.* at *5. She watched the victim's baby while Petitioner and the victim left the apartment and witnessed the victim "hugging and kissing" Petitioner. *Id.* At the conclusion of the trial, the jury found Petitioner guilty of rape and three counts of aggravated kidnapping. *Id.* at *1-2.

Subsequently, Petitioner filed a motion to have trial counsel removed. Petitioner was sentenced on April 10, 2003. On July 28, 2003, an attorney filed a motion for new trial in

Petitioner's behalf.[1]  Another attorney was appointed to represent Petitioner on appeal.[2]  On appeal, this Court determined that a number of Petitioner's issues were waived due to the failure to file a timely motion for new trial.  Specifically, on appeal, Petitioner claimed:

> (1) the evidence is insufficient to support the convictions; (2) the trial court erred by allowing hearsay into evidence; (3) the trial court erred by not following the procedural requirements of Rule 404(b), Tenn. R. Evid., and by allowing the jury to hear about the defendant's prior bad acts; (4) the trial court erred by not questioning a juror when the trial court learned that the juror knew a state witness; (5) the trial court erred by playing for the jury an audiotape of witnesses' testimony; (6) the trial court gave an erroneous jury instruction on kidnapping; (7) the trial court should have merged his aggravated kidnapping convictions; and (8) his sentences are excessive.

*Billy Harris*, 2004 WL 1765532, at *6.  This Court determined the following:

> [T]he defendant filed an untimely motion for new trial and that only issues which would result in a dismissal, rather than a new trial, may be considered when the motion for new trial is filed late because all other issues contained in the motion are considered waived.  *See* T.R.A.P. 3(e); *State v. Givhan*, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980).  However, we do not believe that a defendant's failing to file a timely new trial motion will waive a double jeopardy claim if support for the claim is apparent from the face of the record.  *See Menna v. New York*, 423 U.S. 61, 62, 96 S. Ct. 241, 242, 46 L. Ed. 2d 195 (1975) (reversing, per curiam, a state decision that a guilty plea "waived" a double jeopardy claim); *State v. Rhodes*, 917 S.W.2d 708 (Tenn. Crim. App. 1995) (stating that defendant's guilty plea did not waive a double jeopardy claim when support for claim was apparent from face of the record).  Thus, we will consider the defendant's claims that the evidence is insufficient to support his convictions, that the trial court should have merged his aggravated kidnapping convictions, and that his sentences are excessive.  His remaining issues, however, are waived.

*Billy Harris*, 2004 WL 1765532, at *6.  Despite the waiver of the issues, this Court determined that the trial court properly denied Petitioner's motion in limine with regard to

---

[1]For purposes of this appeal, we will refer to this attorney as "first appellate counsel."

[2]For purposes of this appeal, we will refer to this attorney as "second appellate counsel."

prior bad acts. *Id.* at \*11. This Court ultimately determined that the evidence was sufficient to support the convictions but ordered that Petitioner's convictions for aggravated kidnapping be merged. This Court concluded that the trial court improperly applied several enhancement factors and sentenced Petitioner "based upon the incorrect belief that the presumptive sentence for a Class B felony was the midpoint in the range rather than the minimum in the range." *Id.* at \*8. Further, this Court was unable to determine the basis for the imposition of consecutive sentencing. *Id.* The matter was remanded for resentencing. *Id.* at \*11-12.

On remand, Petitioner was resentenced to an effective sentence of ten years. Petitioner subsequently sought post-conviction relief. The trial court summarily dismissed the petition without appointment of counsel or an evidentiary hearing. Petitioner appealed. *Billy Harris v. State*, 2007 WL 1946655, at \*2. This Court reversed the post-conviction court's dismissal of the petition and remanded for appointment of counsel and an evidentiary hearing on claims of ineffective assistance of counsel. *Id.* at \*2. Specifically, we acknowledged as deserving of a hearing Petitioner's colorable claims that counsel: (1) "took no steps to have him evaluated for competency to stand trial;" (2) failed to investigate the facts of the case and interview witnesses; and (3) failed to present relevant evidence to show that the victim "had voluntarily continued in an ongoing relationship with the petitioner after obtaining an order of protection against him." *Id.* However, this Court noted:

> The petitioner raises a number of claims in his petition, including that the trial court improperly admitted evidence of his prior bad acts, that he received ineffective assistance of counsel, and that the prosecutor engaged in various acts of misconduct in the prosecution of his case. However, this court reviewed on direct appeal the claims, alleged once again, of the improper admission of evidence, including evidence of prior bad acts, and concluded that none of the trial court's alleged errors in evidentiary rulings rose to the level of plain error. *See Billy Harris*, 2004 WL 1765532, at \*11. Furthermore, the petitioner's allegations that the prosecutor knowingly presented false testimony and engaged in improper closing argument could have been raised on direct appeal and, thus, are waived. *See* Tenn. Code Ann. § 40-30-106(g).

Counsel was appointed for Petitioner on remand and an amended petition was filed. Counsel also filed an amendment to the amended petition prior to the hearing.

*Evidence at the Post-conviction Hearing*

At the post-conviction hearing, Petitioner and two of the attorneys who represented Petitioner testified. Petitioner alleged that trial counsel erred in admitting into evidence Petitioner's prior bad acts against the victim. Trial counsel testified that he filed a motion in limine with respect to this very issue, in order to restrict the victim's testimony about the basis of an order of protection that had been issued prior to the incident at issue in the present case. The trial record reflected that the trial court reviewed the motion and declined to rule on the motion prior to hearing the testimony from the victim. In addition to the pretrial motion, trial counsel testified at the hearing that he objected two times during trial to the victim's testimony about Petitioner's prior bad acts. The trial court overruled the objections and allowed the testimony. Trial counsel stated that he would have included this issue in a motion for new trial.

After trial, trial counsel no longer represented Petitioner. First appellate counsel admitted that he rarely represented appellate clients. Further, first appellate counsel admitted that he filed the motion for new trial on July 28, 2003, and Petitioner's sentencing hearing was held on April 10, 2003. First appellate counsel acknowledged that the motion was untimely.

After the hearing on the post-conviction petition, the post-conviction court entered an order denying relief and dismissing the petition. The post-conviction court noted that Petitioner's issues included various allegations of ineffective assistance of counsel along with an allegation that he was denied due process of law by the misconduct of the prosecutor. The post-conviction court examined each of Petitioner's issues individually and made findings of fact and conclusions of law with respect to each issue.

Specifically, the post-conviction court determined that trial counsel's failure to "submit the written records pertaining to the visits [by the victim to Petitioner at the jail]" did not fall below the objective standard of reasonableness where Petitioner acknowledged that the victim admitted to the visits during her testimony at trial. Further, Petitioner's allegation that trial counsel failed to investigate and interview witnesses did not rise to the level of ineffective assistance of counsel where trial counsel's decisions were based on trial strategy and did not fall below the objective standard of reasonableness. Petitioner failed to show by "clear and convincing evidence" that trial counsel failed to investigate the victim's counselor.

Next, the post-conviction court determined that Petitioner failed to prove that trial counsel's "unethical assistance of the prosecutor's case" by "illegally informing the jury during closing arguments that the State's evidence consisted of one sperm-head found in the victim's panties" was anything other than trial strategy. The post-conviction court dismissed Petitioner's allegation that trial counsel unethically withheld favorable evidence because

Petitioner failed to offer any proof with respect to this allegation at the post-conviction hearing.

The post-conviction court determined that Petitioner failed to prove by clear and convincing evidence that trial counsel "knowingly used false testimony" as alleged by Petitioner. Further, Petitioner failed to show that trial counsel was ineffective for instructing Petitioner not to testify at trial or failing to keep out the victim's statements regarding a previous order of protection. Trial counsel had filed a motion in limine and objected to the testimony.

The post-conviction court determined that Petitioner failed to prove that trial counsel's "failure to introduce the TBI report into evidence" was ineffective because there was no proof that the report would have been admitted or that the outcome of the proceedings would have been different had the report been admitted.

According to the post-conviction court, Petitioner failed to show by clear and convincing evidence that trial counsel failed to object to hearsay statements made by the nurse who testified at trial. Further, the post-conviction court found that trial counsel's actions did not fall below an objective standard of reasonableness with regard to Petitioner's allegations that: (1) trial counsel was ineffective for failing to voir dire a juror who knew the nurse who testified at trial; (2) trial counsel was ineffective for failing to object to "jury rehearing of testimony" of two witnesses, Donna Nelson and Maria Alexander; and (3) trial counsel was ineffective for failing to have independent DNA testing conducted.

Next, the post-conviction court determined that Petitioner had waived the issue regarding prosecutorial misconduct for failure to raise it on direct appeal. Finally, with respect to first appellate counsel, the post-conviction court determined that counsel was not ineffective for failing to file a timely motion for new trial because Petitioner failed to show that but for counsel's actions, "the outcome of his case would have been different."

Petitioner now seeks a review of the post-conviction court's dismissal of his petition for post-conviction relief. On appeal, Petitioner argues that he was denied effective assistance of counsel when first appellate counsel failed to timely file a motion for new trial.

*Analysis*
*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the

evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

On appeal, Petitioner argues that the post-conviction court improperly dismissed his petition for relief. Specifically, Petitioner contends that he received "ineffective" assistance of counsel when first appellate counsel "failed to preserve all issues in a timely filed motion for new trial" and, therefore, he "did not receive meaningful appellate review of his claims." Petitioner alleges that the outcome of his case would have been different if first appellate counsel had properly filed the motion. The State, on the other hand, contends that the issue has been previously determined by this Court. Specifically, that "the alleged error which petitioner wished to have preserved in a new trial motion did [not] prejudice the result in his trial."

At the post-conviction hearing, first appellate counsel admitted that the motion for new trial was untimely. However, despite the untimely nature of the motion, the trial court heard the motion and denied it. Second appellate counsel was then appointed to represent Petitioner on appeal. Second appellate counsel attempted to include items on appeal that were omitted from the motion for new trial. On direct appeal, this Court noted that there was no plain error with regard to Petitioner's claims that were waived due to the failure to timely file the motion for new trial. *State v. Billy Harris*, 2004 WL 1765532, at *11. Further, in his first appeal from the denial of post-conviction relief, this Court commented that this Court had already determined that "none of the trial court's alleged errors in evidentiary ruling [that could have been raised in a timely filed motion for new trial] rose to the level of plain error." *Billy Harris*, 2007 WL 1946655, at *2. In other words, this Court has twice considered the allegations that Petitioner presents herein despite the untimely motion and has twice determined that Petitioner is not entitled to relief. Under Tennessee Code Annotated section 40-30-206, the trial court shall enter an order dismissing the petition for post-conviction relief if, inter alia, it appears the ground asserted for relief has been previously determined on the merits by a court of competent jurisdiction. T.C.A. § 40-30-206(h). The post-conviction court herein found that Petitioner had failed to show that but for first appellate counsel's actions, "the outcome of his case would have been different." The evidence presented does not preponderate against the findings of the post-conviction court or the two previous rulings by this Court. Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____

JERRY L. SMITH, JUDGE

-8-