IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs March 2, 2010

### STATE OF TENNESSEE v. WALTER JUDE DEC

**Direct Appeal from the Circuit Court for Bedford County**
**No. 16648    Robert Crigler, Judge**

_____

**No. M2009-01141-CCA-R3-CD - Filed July 30, 2010**

_____

The defendant, Walter Jude Dec, pled guilty to 41 counts of sexual exploitation of a minor, as follows: 25 counts of possessing in excess of 100 images of a minor, a Class B felony; one count of possession between 50 and 100 images of a minor, a Class C felony; and 15 counts of possessing less than 50 images, a Class D felony. He was sentenced as a violent offender to twelve years for each of the Class B felonies and as a Range I, standard offender to six years for the Class C felony and four years for each of the Class D felonies, with all sentences to be served concurrently. On appeal, the defendant argues that his sentences are excessive and that the trial court erred in not merging the 41 counts into a single count. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Michael J. Collins and Andrew Jackson Dearing, III, Assistant Public Defenders, Shelbyville, Tennessee, for the appellant, Walter Jude Dec.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Charles F. Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

At the January 12, 2009, submission hearing, the State set out the facts which were

the basis of the charges against the defendant:

> Sometime back in the summer the sheriff's department was approached by an individual who claimed that the defendant had given that individual a compact disk to copy and this individual thought that it would have music on it. However, when the individual put it in his computer, in fact nude pictures of children appeared to be the content of the compact disk. This person of course immediately got in contact with the sheriff's department.

> Ultimately the sheriff's department executed a search on the defendant's residence and recovered a computer and other information. Probably the most pertinent information that was recovered were four disks that contained photographs of what appeared to be child pornography on the disk.

> One disk had 1034 images. The second disk had 747 images. The third disk had 787 images. The last disk had 12 images. If my math is correct, that is 2580 images of child pornography on these four disks.

> Additionally they discovered 15 pictures of what appeared to be child pornography that had been printed out.

> I will say also at the time the defendant was or the search warrant was executed, he did make a statement to the effect that more than likely the authorities would find that type of material on his computer.

## ANALYSIS

### I. Sentencing

At the conclusion of the sentencing hearing, the trial court sentenced the defendant to the maximum sentence for a Range I, standard offender as to each count, the court explaining its reasoning:

> However, I do find there has been no mitigating factors argued. I find that none apply. There is only one enhancing factor that applies. That is the history of a previous conviction.

> For the same offense or for an offense of the same nature.

Contrary to the defendant's assertion and his allocution that it is double jeopardy, that is not true.

It is a continuing possession or in fact the Court would say that by continuing to – if you give the defendant the benefit of the doubt and say he continued to possess the same pictures after going to prison for having these pictures, to continue to possess them this many years later seems to me to evince that a maximum sentence is appropriate and that prior convictions should be given enormous weight.

So I am going to find enhancing factor number 1.

On the B felonies, the range is 8 to 12.

The C is 3 to 6.

And the D is 2 to 4.

I just apply the maximum sentence as the case might be 12, 6 and 4, but they will, I think by law, have to be concurrent sentences.

I will decline to merge them in the present state of the record. The defendant did plead guilty to all of these.

And in terms of evidence, I am not so sure there is a sufficient factual basis to find that they should be merged.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the

witnesses' demeanor and appearance when testifying.

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses, (h) any statements made by the accused in his own behalf, and (i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210; State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169. In this case, the defendant has the burden of illustrating the sentence imposed by the trial court is erroneous.

On appeal, the defendant argues that, given the fact he is sixty-one years of age, a more just sentence would be "toward the start of the range rather than serving a twelve year sentence."

According to the presentence report, the defendant was convicted in New York in 1998 for possession of obscene material performed by a child and sentenced to a term of one to three years. In view of the defendant's prior conviction for the same offense which resulted in this appeal, the record fully supports the sentences imposed by the trial court.

## II. Merger of Convictions

In the trial court, the defendant filed a motion arguing that the 41 counts should be merged into a single count. The court denied the motion, and the defendant pled guilty without reserving it as a certified question. He has presented it as an issue on appeal, and the State has responded that the issue has been waived.

Before we consider the merits of the defendant's claim, we first must determine whether, as the State argues, the issue has been waived. In this regard, we note that there are two conflicting published opinions of this court. In State v. Rhodes, 917 S.W.2d 708 (Tenn. Crim. App. 1995), an opinion issued on August 9, 1995, and for which the application for permission to appeal was denied on February 5, 1996, this court held that a plea of guilty does not waive a claim of double jeopardy if it is apparent from the record that the claim was raised before the trial court:

-4-

Pursuant to Rule 3(b), T.R.A.P., an appeal as of right lies from a guilty plea "if the issues presented for review were not waived as a matter of law by the plea of guilty . . . and if such issues are apparent from the record of the proceedings already had." See also Tenn. R. Crim. P. Rule 37(b)(2)(iii). Likewise, issues relating to sentencing are obviously not waived by the mere entry of a guilty plea. Therefore, given how and when the double jeopardy issue developed in the trial court, we conclude that it is properly before us for decision upon the existing record on appeal.

Id. at 711.

However, in State v. Franklin, 919 S.W.2d 362 (Tenn. Crim. App. 1995), which was issued on October 31, 1995, and for which application for permission to appeal was denied on March 4, 1996, this court held just the opposite, namely, that a plea of guilty waives a claim of merger:

The defendant, however, on the advice of counsel voluntarily entered guilty pleas to all nine forgery counts. By entering a guilty plea, a defendant waives all nonjurisdictional procedural or constitutional defects. See State v. Bilbrey, 816 S.W.2d 71, 75 (Tenn. Crim. App. 1991); State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). In order to preserve an issue for appeal upon entering a guilty plea, a defendant must explicitly reserve the issue. See T.R.A.P. 3(b); Tenn. R. Crim. P. 37(b)(2). In the present case, the defendant did not explicitly reserve the issue concerning merger of his offenses. Thus, the defendant's fourth issue is waived. See T.R.A.P. 3(b).

Id. at 368.

In making its determination that a plea of guilty does not waive a claim of merger, the court in Rhodes relied upon the holding in Menna v. New York, 423 U.S. 61, 62 (1975), which reversed a state court to conclude that a plea of guilty does not waive a claim of double jeopardy, stating that "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." Id. The court explained that, while in some circumstances a guilty plea might constitute a waiver, this was not the case when the claim was clear from the record:

On November 7, 1968, after being granted immunity, petitioner refused to answer questions put to him before a duly convened Kings County, N. Y., Grand Jury which was investigating a murder conspiracy. On March 18, 1969,

-5-

petitioner refused to obey a court order to return to testify before the same Grand Jury in connection with the same investigation. On that date, petitioner was adjudicated in contempt of court under s 750 of the New York Judiciary Law for his failure to testify before the Grand Jury; and, on March 21, 1969, after declining an offer to purge his contempt, petitioner was sentenced to a flat 30-day term in civil jail. Petitioner served his sentence.

On June 10, 1970, petitioner was indicted for his refusal to answer questions before the Grand Jury on November 7, 1968. After asserting unsuccessfully that his indictment should be dismissed under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, petitioner pleaded guilty to the indictment and was sentenced on his plea.

Id. at 61.

In Rhodes, the defendant had claimed in the trial court that punishing him both for vehicular assault and DUI constituted double jeopardy. Subsequently, he pled guilty to both offenses, not preserving the double jeopardy claim as a certified question, but then appealed, presenting the same double jeopardy claim. This court applied the holding in Menna, finding that the defendant could raise this claim on appeal because it was clear from the record that he had done so in the trial court.

We decline to follow the holding in Franklin because we do not believe that it correctly states the law. Instead, applying the decisions in Menna and Rhodes, we conclude that this matter is properly before us, the record being clear that the defendant raised his merger claim before the trial court.

We will examine the substance of this matter. The defendant pled guilty to the violation of Tennessee Code Annotated section 39-17-1003:

Sexual exploitation

(a) It is unlawful for any person to knowingly possess material that includes a minor engaged in:

(1) Sexual activity; or

(2) Simulated sexual activity that is patently offensive.

(b) A person possessing material that violates subsection (a) may be

charged in a separate count for each individual image, picture, drawing, photograph, motion picture film, videocassette tape, or other pictorial representation. Where the number of materials possessed is greater than fifty (50), the person may be charged in a single count to enhance the class of offense under subsection (d).

(c) In a prosecution under this section, the trier of fact may consider the title, text, visual representation, Internet history, physical development of the person depicted, expert medical testimony, expert computer forensic testimony, and any other relevant evidence, in determining whether a person knowingly possessed the material, or in determining whether the material or image otherwise represents or depicts that a participant is a minor.

(d) A violation of this section is a Class D felony; however, if the number of individual images, materials, or combination of images and materials, that are possessed is more than fifty (50), then the offense shall be a Class C felony. If the number of individual images, materials, or combination of images and materials, exceeds one hundred (100), the offense shall be a Class B felony.

(e) In a prosecution under this section, the state is not required to prove the actual identity or age of the minor.

In overruling the defendant's merger motion, the trial court determined that the inclusion of the word "may," as used in Tennessee Code Annotated section 39-17-1003(b), in referring to filing charges pursuant to this statute, gives the State discretion as to whether each image is the basis of a separate count or whether a number would be combined into a single count. As we will explain, we concur with this determination by the trial court.

In State v. Siliski, 238 S.W.3d 338 (Tenn. Crim. App. 2007), this court explained the process which appellate courts must follow in construing a statute:

A court's role in construing a statute is to ascertain and give effect to legislative intent. State v. Goodman, 90 S.W.3d 557, 563-64 (Tenn. 2002); State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000). Whenever possible, legislative intent is to be ascertained from the natural and ordinary meaning of the language used. Flemming, 19 S.W.3d at 197; Carson Creek Vacation Resorts, Inc. v. State, Dep't of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993). "The legislative intent and purpose are to be ascertained primarily from the natural and ordinary meaning of statutory language, without a forced or subtle

interpretation that would limit or extend the statute's application." State v. Blackstock, 19 S.W.3d 200, 210 (Tenn. 2000) (citing State v. Pettus, 986 S.W.2d 540, 544 (Tenn. 1999)). If the language of a statute is not ambiguous, we may apply the plain language of the statute to resolve the issue. Goodman, 90 S.W.3d at 563-64; Lipscomb v. Doe, 32 S.W.3d 840, 844 (Tenn. 2000).

Id. at 362.

Under the plain language of Tennessee Code Annotated section 39-17-1003(b), the State has discretion as to whether each image results in a separate count of an indictment or whether a number of images are grouped into a single count. Thus, the manner in which the defendant was indicted was permitted by the statute. Accordingly, we conclude that the counts of the presentment are not multiplicitous and that the defendant is not entitled to relief on the basis of this issue.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgments of the trial court are affirmed.

_____
ALAN E. GLENN, JUDGE