IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 2, 2010

## RICKY LYNN HILL V. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 10-CR-9468    R. Lee Moore, Jr., Judge**

_____

**No. W2010-01423-CCA-R3-HC  - Filed January 24, 2011**

_____

Petitioner, Ricky Lynn Hill, appeals the Lake County Circuit Court's dismissal of his petition for writ of habeas corpus. Petitioner pled guilty to vehicular assault, driving under the influence ("DUI") fifth offense, attempted tampering with evidence, and leaving the scene of an accident.[1] Pursuant to the plea agreement, Petitioner was sentenced to an effective sentence of seven years, eleven months, and twenty-nine days and released to intensive probation. Petitioner filed a petition for writ of habeas corpus in which he argued that his guilty pleas were involuntary, that his convictions violated double jeopardy, and that his sentence was excessive. The habeas corpus court denied relief for failure to comply with the habeas corpus statute and for failure to state a cognizable claim for relief. Following review of the record, we affirm the denial of habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and JOHN EVERETT WILLIAMS, J., JOINED.

Ricky Lynn Hill, Pro Se, Tiptonville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter, Cameron L. Hyder, Assistant Attorney General; and Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

_____

[1] It appears from the record that Petitioner's DUI, fifth offense conviction was later vacated and dismissed based on a violation of double jeopardy; thus, only the convictions for vehicular assault, attempted tampering with evidence, and leaving the scene of an accident with injury remained. For those convictions, the petitioner received sentences totaling five years, eleven months, and twenty-nine days.

## OPINION

### Factual Background

According to the record on appeal, amended judgments reflect that Petitioner pled guilty in the Circuit Court of Madison County to leaving the scene of an accident and attempted tampering with the evidence. Petitioner pled nolo contendere to vehicular assault. Petitioner was also convicted of DUI, fifth offense. The conviction for DUI, fifth offense, was vacated and dismissed by the trial court as in violation of *State v. Rhodes*, 917 S.W.2d 708 (Tenn. Crim. App. 1995).[2] As a result of the convictions, the trial court sentenced Petitioner to two years for vehicular assault, three years for attempted tampering with the evidence, and eleven months and twenty-nine days for leaving the scene of an accident. The trial court ordered the sentences to be served consecutively. The trial court chose to place Petitioner on intensive probation and imposed additional restrictions on Petitioner, including the completion of inpatient treatment for alcohol and drugs.

Subsequently, Petitioner filed a petition for post-conviction relief. *See Ricky Lynn Hill v. State*, No. W2009-01746-CCA-R3-PC, 2010 WL 3025517 (Tenn. Crim. App., at Jackson, Aug. 4, 2010), *perm. app. denied*, (Tenn. Oct. 20, 2010). Petitioner alleged that he received ineffective assistance of counsel during the guilty plea negotiations and that his pleas were unknowing and involuntary. The post-conviction court denied relief. On appeal, this Court affirmed the denial of post-conviction relief. *Id.* at *7.

Petitioner then filed a petition for the writ of habeas corpus in the Lake County Circuit Court. In the petition, Petitioner argued that his consecutive sentences were unwarranted and improper, that his guilty pleas were unknowing and involuntary, and that his sentence and conviction violated double jeopardy. The habeas corpus court denied relief on the basis that Petitioner failed to attach a copy of the transcript of his guilty pleas. In other words, that Petitioner failed to comply with all the mandatory statutory requirements for habeas corpus relief. Additionally, the habeas corpus court found that Petitioner did not present a claim that was cognizable in a habeas corpus petition and has not shown that his sentences have expired, are void, or illegal. Petitioner filed a timely notice of appeal.

### Analysis

On appeal, Petitioner argues that the habeas corpus court improperly denied relief. Specifically, Petitioner contends that the trial court erred by sentencing him to consecutive

---

[2]In *Rhodes* this Court held that dual convictions for vehicular assault and the underlying DUI charge violate double jeopardy principles.

sentences. Further, Petitioner argues that his pleas were not knowing and voluntary because he pled guilty and was sentenced in violation of double jeopardy. Petitioner contends that it is inconsequential that his conviction for DUI was eventually dismissed and vacated. Petitioner argues that the plea agreement was a "package deal" when he entered the pleas, so the entire plea agreement should be invalidated. Lastly, Petitioner argues that his truck was illegally seized so the evidence that formed the basis for his convictions was illegally obtained, resulting in void and illegal convictions. The State, on the other hand, advances that the habeas corpus court properly denied relief.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is Petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 259 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as

Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at T.C.A. § 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>
> (4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260. Further, in *Summers*, our supreme court explained:

> In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

212 S.W.3d at 261.

In the case herein, the petition alleges that this is Petitioner's first petition for habeas corpus relief. To the contrary, the record reflects that Petitioner has filed a petition for writ of habeas corpus in Chester County that is now before this Court on appeal as case number W2010-01374-CCA-R3-HC. In fact, Petitioner filed a "Motion to Consolidate Appeals" in this Court which was denied on the basis that consolidation was "contrary to judicial economy." Further, Petitioner has failed to attach a copy of the judgment for DUI where Petitioner argues that consecutive sentencing was based on the DUI conviction that was later dismissed. Additionally, Petitioner did not attach copies of the plea agreement or a transcript of the guilt plea hearing. Thus, Petitioner has failed to comply with the statutory procedural requirements of Tennessee Code Annotated section 29-21-107(b)(4). This alone warrants dismissal of the habeas petition.

Additionally, Petitioner has failed to state a claim that is cognizable in a petition for habeas corpus relief. The involuntary entry of a guilty plea would render the judgment voidable rather than void. *Archer*, 851 S.W.2d at 163. Likewise, "'an allegation of double jeopardy does not render a conviction void, but merely voidable.'" *William C. Brothers v. State*, No. W2008-01680-CCA-R3-HC, 2009 WL 3295119, at *3 (Tenn. Crim. App., at Jackson, Oct. 14, 2009) (quoting *Timothy Hickman v. Howard Carlton, Warden*, No. E2006-00860-CCA-R3-HC, 2006 WL 2567511, at *2 (Tenn. Crim. App., at Knoxville, Sept. 7, 2006)); *see also Joseph L. Coleman v. Tony Parker, Warden*, No. W2004-01527-CCA-R3-HC, 2005 WL 564153, at *2 (Tenn. Crim. App., at Jackson, Mar. 10, 2005), *perm. app. denied*, (Tenn. Aug. 22, 2005). Finally, a challenge to the imposition of consecutive sentencing is not a proper basis for habeas corpus relief. *Marcie A. Murray v. Rueben Hodge, Warden*, No. M2007-01394-CCA-R3-HC, 2008 WL 4367590, at *2 (Tenn. Crim. App., at Nashville, Sept. 24, 2008), *perm. app. denied*, (Tenn. Dec. 8, 2008). Consequently, the habeas corpus court properly denied the petition for relief.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____
JERRY L. SMITH, JUDGE

-5-